**Bob SPOONER & C. Tom Foster, Plaintiffs,**

**v.**

**SIEG–NOR, INC., an Oklahoma corporation, and Siegfried, Inc., a Delaware corporation d/b/a Nordam, a general partnership, Defendants.**

**No. 83–2974C (C).**

United States District Court, E.D. Missouri, E.D.

March 20, 1984.

---

\* *Swann* has been followed in the Seventh and Second Circuits. *See United States v. Nadolny,* 601 F.2d 940 (7th Cir.1979); *United States v. Wilson,* 565 F.Supp. 1416 (S.D.N.Y.1983).

Rene Lusser, St. Louis, Mo., for plaintiffs.

John Boyce, James Keller, Peter M. Hamilton, St. Louis, Mo., Robert F. Biolchini, Linda Martin, Tulsa, Okl., for defendants.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the court on defendants' motion to dismiss. This motion will be treated as a motion for summary judgment under Rule 56 as provided in Rule 12(b). Fed.R.Civ.Proc. For the following reasons, this motion will be granted.

This court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

The facts are as follows. In September 1979, C. Tom Foster delivered two helicopter tail booms to defendants' repair facility of Nordam in Tulsa, Oklahoma. One tail boom was owned by Bob Spooner, and the other boom was owned by C. Tom Foster. Mr. Foster wrote to Mr. Austin of Nordam in September and December of 1979, inquiring of the booms, receiving no response. In March 1980, Bob Spooner drove to Tulsa to pick up the booms, but they were not released to him because of his lack of ostensible authority to deal with the booms. Mr. Foster continued to try to contact defendants, again receiving no response.

On 25 February 1981, plaintiffs' attorney René E. Lusser wrote to Nordam demanding a response to inquiries about the booms. The letter was captioned:

Re: C. Tom Foster vs. Nordham
Robert Spooner vs. Nordham

The letter concluded: Further, I expect to get this matter resolved with you within the next thirty days, failing which litigation will be immediately undertaken. No response was made.

In January 1982, Mr. Foster again wrote Mr. Austin, demanding return of his property. No response was made.

Plaintiffs' suit was filed in June 1983. Even if the complaint itself does not reveal a statute of limitations defect, such defect can be raised by a motion to dismiss accompanied by supporting affidavits, and thereafter treated as a motion for summary judgment. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978).

Conversion of the booms took place, if at all, in Oklahoma, where they were in the possession of defendants. Thus, the applicable statute of limitation is the Oklahoma two year statute of limitations. *See* 12 Oklahoma Stat. § 95 (1983). Missouri Rev. Stat. § 516.190.

Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's right. *Houston v. Columbia Federal Savings & Loan,* 569 S.W.2d 211, 214 (Mo.App.1978). The parties agree that conversion could not occur

in this suit until the plaintiffs made an unequivocal demand for their property and such demand had been refused.

Plaintiffs' attorney's letter of 25 February 1981 was an unequivocal demand, setting forth plaintiffs' belief that the defendants had "deliberately or negligently disposed of both of these tail booms" and the amount of damages suffered by the owners. Plaintiffs gave defendants 30 days to answer, silence being treated as cause for litigation. Thus, after 25 March 1981, defendants having failed to respond, any cause of action in conversion had accrued. The two year Oklahoma statute, applicable according to Missouri Rev. Stat. § 516.190, thus ran on 25 March 1983. Plaintiffs' suit has thus been barred, said bar being a complete defense.