## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chester Baptist Church

v.

Dominion Bank et al.

December 22, 1987

Case No. 1392-86

By JUDGE HERBERT C. GILL, JR.

At a hearing on November 9, 1987, argument was heard regarding the plea of the statute of limitations filed on behalf of defendants Dominion Bank and Dominion Bank, N.A. At that time counsel were requested to file with the Court memoranda of law in support of their positions. I have reviewed the memoranda supplied by Randal Reaves and Gregory Hooe, as well as relevant statutes and case law. It is my opinion that the plea of statute of limitations should be sustained.

The question presented is whether the cause of action for conversion accrued at the time Dominion wrongfully deposited each check and credited the proceeds, or whether it did not accrue until Chester Baptist made demand for the funds and was refused. Counsel for plaintiff asserts, in effect, that demand and refusal is an element of conversion. In situations where the defendant never had rightful possession of plaintiff's property, however, mere possession of the property by defendant will be sufficient to constitute exercise of dominion inconsistent with the rights of the owner. See *Evans v. Commonwealth*, 226 Va. 292, 297, 308 S.E.2d 126 (1983); *Newsum v. Newsum*, 28 Va. (1 Leigh) 86 (1829). *See also* 19 Michie's Jurisprudence

of Virginia and West Virginia, *Trover and Conversion*, Sec. 5 (1979).

In some situations defendant will have rightful possession of property subject to the order of plaintiff. In that case, demand by the plaintiff for return of the property will be a prerequisite to an action for conversion, for it is not until such demand and refusal that defendant can be said to have wrongful possession. This is true, for example, in the case cited by Chester Baptist where the plaintiff delivered some helicopter parts to defendant for repair and defendant later refused to return them. *Spooner v. Seig-Nor, Inc.*, 582 F. Supp. 1577 (E.D. Mo. 1984). In the present case, however, Chester Baptist alleges that unauthorized deposits were made and credited to Chester Baptist without express or implied authority. In essence, Chester Baptist alleges defendant never had rightful possession since the unauthorized agent did not have legal authority to deposit the funds.

Likewise, Va. Code Section 8.01-249(2) (1987 Cum. Supp.) does not apply because Chester Baptist was never a "depositor" of defendant bank. A fair reading of the statute indicates that it was intended to apply, not in situations where the deposits themselves were unauthorized, but in those cases where a plaintiff has voluntarily deposited sums into a bank account and the bank later refuses tender of the funds upon demand.

As a result of the foregoing, I find that plaintiff's cause of action accrued with respect to each check at the time it was deposited and credited to the plaintiff. I make no determination at this time as to whether plaintiff's original Bill of Complaint tolled the statute of limitations for defendant Dominion Bank of Richmond, N.A., or whether it was not tolled until the filing of the Amended Bill of Complaint.