Tracy L. Mathis, John Charles Hannegan, St. Charles, for defendant-respondent.

**Laura WILJECK, Plaintiff–Appellant,**

v.

**ST. ANTHONY'S MEDICAL CENTER, Defendant–Respondent.**

No. 55995.

Missouri Court of Appeals, Eastern District, Division One.

June 27, 1989.

CRANDALL, Presiding Judge.

Plaintiff, Laura Ann Wiljeck, appeals from the trial court's grant of summary judgment in favor of defendant, St. Anthony's Medical Center. We affirm.

Plaintiff was injured in an automobile accident and was taken to defendant hospital for treatment. She incurred medical expenses from defendant in the amount of $6,464.43 prior to her discharge. At plaintiff's request, defendant filed a claim with plaintiff's health insurance carrier, Mutual of Omaha Insurance Company (Mutual). Mutual responded to that claim by paying to defendant the amount of $5,263.32.

Thereafter, plaintiff negotiated a settlement of her accident case in the amount of $26,000 with State Farm Mutual Automobile Insurance, the insurer of the tortfeasors in the automobile accident in which plaintiff was injured. Because defendant had previously filed a hospital lien pursuant to Section 430.230, RSMo (1986) State Farm paid defendant $6,364.43 out of the settlement.

As a result of the payments by Mutual and State Farm, a $5,163.32 credit balance existed in plaintiff's account with defendant. Thereafter, Mutual sought a refund of its payment to defendant based upon a provision in plaintiff's health insurance policy which Mutual claimed excluded coverage. That provision of the policy states: This plan does not cover:

.  .  .  .  .

12.  Expense incurred for the treatment of any injury resulting from any motor vehicle accident for which benefits are payable under any other valid insurance policy or hospital or medical service contract.

After some investigation of the insurance policy, but without consulting plaintiff, de-

fendant returned to Mutual the payment less the $100 deductible.

On appeal, plaintiff asserts that she is entitled to bring a claim against defendant for the money defendant reimbursed to Mutual. Plaintiff claims the trial court erred in sustaining defendant's motion for summary judgment because defendant improperly paid Mutual the $5,163.32 credit in plaintiff's account.

Plaintiff's right to recover, if any, is based upon a contract of insurance between Mutual and herself. Defendant is a stranger to that contract. Plaintiff and Mutual are the only parties entitled to litigate their respective rights under the contract, and Mutual is not a party to this litigation. Whether defendant's interpretation of the contract rights of plaintiff and Mutual is correct or incorrect is therefore irrelevant in this case.

There is no allegation that defendant has done anything to prejudice plaintiff's right to bring an action against Mutual. Plaintiff's account with defendant was fully paid by State Farm. Accordingly, defendant was not entitled to keep the additional money credited to plaintiff's account which came from Mutual. Defendant hospital simply returned the extra money to the party who had paid it. Defendant never asserted that it had an ownership right to the money. *See Spooner v. Sieg-nor, Inc.,* 582 F.Supp. 1577, 1578 (1984). Finally, defendant had no legal obligation to be a stake holder for the competing claims of plaintiff and Mutual.

We therefore hold that the trial court correctly granted summary judgment in favor of defendant because plaintiff had no claim against defendant.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.