Arthur D. OTT, Plaintiff-Appellant,

v.

MIDLAND–ROSS CORPORATION,
Defendant-Appellee.

No. 75–1388.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1975.

Decided Oct. 1, 1975.

obtained Midland-Ross' voluntary compliance with the Act and that he would be reinstated. Ott alleged that while he was awaiting a job assignment the corporation willfully, maliciously and falsely represented that if he would forego his rights under the Act, it would hire him as a consultant at least ten days each month and that he would make more money under such an arrangement. Relying on the representations, and believing them to be true, Ott accepted early retirement and entered into the consulting agreement on October 7, 1971.

Count II stated an alternative claim for breach of contract.

William E. Armstrong, Hesser, McGraw, Armstrong & Higgins, Cleveland, Ohio, Lester H. Needham, Jr., Mentor, Ohio, for plaintiff-appellant.

George J. Moscarino, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant-appellee.

Before WEICK and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

Ott has appealed from an order of the District Court granting defendant, Midland-Ross Corporation's motion to dismiss his claim under the Age Discrimination Act, 29 U.S.C. § 621 *et seq.* The court held that Ott, by his own admission, had waived the rights which the Act protects. The court further held that it was without jurisdiction over Ott's alternative pendant claim of fraud and breach of contract.

Count I of the complaint alleged that on January 4, 1971, when Ott was age 60, his employer, Midland-Ross Corporation, willfully and intentionally discharged him without cause, solely because of his age. On April 27, 1971 he filed a notice with the Secretary of Labor of his intent to file a civil action against Midland-Ross for violation of his rights under the Act, as required by 29 U.S.C. § 626(d). Thereafter, he was advised that the Department of Labor had

I

In our opinion, the complaint does state a claim under the Age Discrimination in Employment Act. If, as Ott alleges, the transaction in which he waived his rights and entered into the consulting agreement was induced by Midland-Ross' fraud, the transaction is voidable by Ott. *United States v. 1,557.28 Acres of Land,* 486 F.2d 445, 447 (10th Cir. 1973), citing *Restatement of Contracts* § 476. If the transaction is set aside, Ott can assert his original claim under the Act. *Gay v. E. H. Moore, Inc.,* 26 F.Supp. 749, 752 (E.D.Okl.1939); *Shallenberger v. Motorists Mutual Ins. Co.,* 167 Ohio St. 494, 503, 150 N.E.2d 295 (1958).

The Act specifically confers jurisdiction on the court "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter . . . ." 29 U.S.C. §§ 626(b) and (c).

*Dice v. Akron, C. & Y. R.R.,* 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1959), was an action for damages filed in the state court under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Mr. Dice had executed a release in settlement of his claim which he alleged was procured by fraud. The jury found in his favor, but the trial court, applying state law, held that the verdict was advisory only on the release issue and set the verdict aside.

The Supreme Court held that federal law, and not state law, applied and under federal law the issue of fraud in the procurement of the release must be determined by the jury and not by the court. The court stated:

> State laws are not controlling in determining what the incidents of this federal right shall be. *Id.* at 361, 72 S.Ct. at 314.

Ott's action bears some similarity to *Dice.* His waiver of rights had to be set aside before relief could be granted to him under the Act.

■ The court's determination concerning the existence of fraud must be made under federal law. The Act grants a person falling within the prescribed age range, a federal right not to be discriminated against on the basis of age. The Supreme Court's rationale for its holding in *Dice* convinces us that federal law also governs the validity of any method used by employers to avoid the application of the Age Discrimination in Employment Act.

## II

The District Court did not reach the statute of limitations issue which was one of the grounds posed by Midland-Ross' motion to dismiss.[1] Midland-Ross contends that the District Court should be affirmed on the ground that Ott's complaint affirmatively disclosed that the statute of limitations bars Ott's claim under the Act.

■ Because Fed.R.Civ.P. 9(f) makes averments of time material for the purpose of testing the sufficiency of a pleading, a complaint can be dismissed as barred by the applicable statute of limitations under Fed.R.Civ.P. 12(b)(6) when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S.

41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jones v. Rogers Memorial Hospital,* 143 U.S.App.D.C. 51, 442 F.2d 773, 775 (1971); *J. M. Blythe Motor Lines Corp. v. Blalock,* 310 F.2d 77, 78 (5th Cir. 1962). The complaint must be liberally construed for the purpose of determining whether a cause of action has been stated. *L'Orange v. Medical Protective Co.,* 394 F.2d 57, 59 (6th Cir. 1968).

■ In the present case, Ott's cause of action accrued on January 4, 1971, when his employer allegedly breached the duty it owed him under the Act. *Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 65, 73 S.Ct. 580, 97 L.Ed. 821 (1953). Subsequent administrative efforts by the Secretary of Labor to settle the dispute do not affect the running of this statutory period. *Id.* at 65, 73 S.Ct. 58. Sec. 255 and the Act itself contain no indication that the limitation period should be tolled during the sixty day waiting period after the individual files a notice of intent to sue before he may file a civil action. 29 U.S.C. § 626(d). We reject the suggestion contained in the briefs to that effect.

Ott contends that the limitation period began running on October 7, 1971, when Midland-Ross obtained what he characterizes as his "final discharge" by inducing him to accept early retirement.

The complaint pleads that Ott's employer violated his rights under the Act by discharging him on the basis of his age on January 4, 1971. His cause of action under the Act accrued on that date. He filed his notice of intent to file a civil action with respect to that incident. If the period of limitation ran from the date on which an employer refused or failed to remedy a prior unlawful practice under the Act, the period of limitation could be extended indefinitely at the option of the person allegedly discriminated against.

---

1. 29 U.S.C. § 626(e) provides that 29 U.S.C. § 255 applies to actions under this Act. Sec. 255, which was § 6 of the Portal-to-Portal Act, establishes a three year limitation period after the accrual of the cause of action for willful violations of the Act. Ott alleged a willful violation of the Age Discrimination in Employment Act. He filed his complaint August 22, 1974.

■ In addition, if October 7, 1971 is the date when the cause of action accrued, the complaint would be subject to dismissal for lack of jurisdiction. The filing of a notice of intent to sue within 180 days after the unlawful practice occurred, required by 29 U.S.C. § 626(d), is jurisdictional. *Hiscott v. General Elec. Co.,* 521 F.2d 632 (6th Cir. 1975); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485 (5th Cir. 1974); *Cochran v. Ortho Pharmaceutical Co.,* 376 F.Supp. 302 (E.D.La.1971). Consequently, compliance with the notice procedure must be pleaded. Fed.R.Civ.P. 8(a)(1) and 12(b)(1). The complaint does not plead that Ott filed a notice with respect to the October 7, 1971 incident.

For the reasons stated, we conclude that the limitation period began running and Ott's cause of action accrued on January 4, 1971.

### III

Ott argued below and argues now on appeal that the complaint pleads facts which show that Midland-Ross is estopped from asserting the defense of the statute of limitations. We agree.

■ The principle that ". . . no man may take advantage of his own wrong" prevents a defendant whose actions have induced a plaintiff to delay filing a suit until after the running of the limitation period from asserting the statute of limitations as a defense to the action. *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 232, 79 S.Ct. 760, 3 L.Ed.2d 770; *Burke v. Gateway Clipper, Inc.,* 441 F.2d 946, 948 (3rd Cir. 1971); *Bergeron v. Mansour,* 152 F.2d 27, 30 (1st Cir. 1945). The plaintiff must bring suit within a reasonable time after discovery, or within a reasonable time after he should have discovered the actions of the defendant that induced him to delay filing suit.

■ Midland-Ross argues that the limitation period established by 29 U.S.C. § 255 is jurisdictional and, therefore, is not subject to the principle applied in *Glus, supra. Glus* rejected a similar contention with respect to the limitation period under the Federal Employers' Liability Act. Moreover, for the reasons set out in *Hodgson v. Humphries,* 454 F.2d 1279, 1283–1284 (10th Cir. 1972), which are equally applicable to actions brought under the Age Discrimination in Employment Act, we hold that § 255 establishes only a procedural limitation period under the Act. It is not like a statute which imposes a liability and provides the remedy which must be exercised in strict conformity to the statute. *Bomer v. Ribicoff,* 304 F.2d 427, 429 (6th Cir. 1962).

The complaint pleads the date the cause of action accrued, January 4, 1971; and August 22, 1974, the date the complaint was filed, is a matter of record. It also pleads that plaintiff was fraudulently induced not to assert his rights under the Act. *Glus, supra.* The complaint does not state when the alleged acts of the employer were discovered, nor does it indicate when they should have been discovered. Therefore, it does not appear "beyond doubt" from the face of the complaint that the action is barred by the statute of limitations. Liberally construed, the complaint indicates that the plaintiff may be able to prove facts which would estop the defendant from asserting the statute of limitations. Of course, whether the plaintiff will actually be able to prove such facts, and the other allegations of his complaint, is another matter altogether.

Reversed and remanded for trial.