William C. WILSON, Jr., Plaintiff,

v.

Heiskell H. WINSTEAD, Defendant.

No. CIV-2-78-52.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 13, 1978.

Carleton W. Smith, Greeneville, Tenn., for plaintiff.

Charles R. Terry, Morristown, Tenn., and N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A United States magistrate of this district recommended on June 13, 1978 that the motion herein of the defendant for a dismissal of this action for the plaintiff's failure to state a claim against him upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, be denied. 28 U.S.C. § 636(b)(1)(B). A copy of such recommendation was mailed by the clerk to counsel of record herein on the same date. 28 U.S.C. § 636(b)(1). The plaintiff responded timely to such recommendation stating that he had no objection thereto; the defendant did not serve and file any timely written objection thereto. *Idem.*

■ The foregoing recommendation hereby is ACCEPTED. *Idem.* In this circuit dismissals of complaints such as this, brought under the civil rights statutes, are scrutinized with particular care, *Westlake v. Lucas,* C.A. 6th (1976), 537 F.2d 857, 858[1]; and dismissal is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, 96[3–5]. Construing the allegations of the complaint herein most favorably to the plaintiff, *Ott v. Midland-Ross Corporation,* C.A. 6th (1975), 523 F.2d 1367, 1369[4], this Court cannot say at this stage of the proceedings that the plaintiff could prove no set of facts entitling him to relief herein.

The plaintiff claims, *inter alia,* that the defendant, while acting under color of state law, terminated him summarily from his position as a public employee; that, thereafter, the defendant made maliciously false and defamatory public statements concerning the reason for such discharge; and that he was denied due process of law, Constitution, Fourteenth Amendment, " * * * due to lack of hearing or other method of defending himself against such libelous charges. * * * "

■ The concept of " * * * liberty * * * " protected by the due process clause of the Constitution, Fourteenth Amendment, recognizes two particular interests of a public employee: (1) the protection of his good name, reputation, honor, and integrity; and (2) his freedom to take advantage of other employment opportuni-

ties. *Sullivan v. Brown*, C.A. 6th (1976), 544 F.2d 279, 283[4], citing *Board of Regents v. Roth* (1972), 408 U.S. 564, 573–574, 92 S.Ct. 2701, 33 L.Ed.2d 548. Thus, where a nontenured public employee has been stigmatized in the course of a decision to terminate his employment, due process may require that he be accorded the opportunity for a hearing for the sole purpose of providing him an opportunity to clear his name. *Codd v. Velger* (1977), 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92, 96[2]; see also *Paul v. Davis* (1976), 424 U.S. 693, 709–710, 96 S.Ct. 1155, 47 L.Ed.2d 405, 418–419. " * * * Only if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination is such a hearing required. * * * " *Codd v. Velger, supra*, 429 U.S. at 628, 97 S.Ct. at 884, 51 L.Ed.2d at 97[2]. Such is essentially what the plaintiff has alleged herein.

The motion of the defendant hereby is DENIED.