785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE R. LASHER, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 85-5143
 United States Court of Appeals, Sixth Circuit.
 1/9/86
 
 Before: KRUPANSKY, GUY, Circuit Judges; and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a grant of summary judgment to the defendant in this age discrimination case. 29 U.S.C. Sec. 621 et seq. The summary judgment was granted on the basis of plaintiff having failed to file a complaint with the Equal Employment Opportunity Commission (EEOC) within the 180 day limitations period. 29 U.S.C. Sec. 626(d)(i).[1]
 
 
 2
 As a threshold matter, we take note of the appropriate standard of review. This being an appeal from a summary judgment we must apply the same standard initially applied by the district court. Wright and Miller, Federal Practice and Procedure Sec. 2716. Under that standard, summary judgment is appropriate only where 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56. Accord, United States v. 96 Acres of Land, 456 F.2d 1116 (6th Cir. 1972) (per curiam). An appellate court must view the facts in a light most favorable to the appellant, the non-moving party. Aetna Insurance Co. v. Loveland Gas & Electric Co., 369 F.2d 678 (6th Cir. 1966). A complaint should not be dismissed unless it appears to us beyond doubt that the plaintiff-appellant can prove no set of facts in support of his claims which would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232 (1974). The issue is not whether the plaintiff will succeed on the merits, but 'whether he is entitled to proceed beyond the threshold in attempting to establish his claims.' De La Cruz v. Tormey, 582 F.2d 45 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979). To the extent that allegations are well pleaded in the complaint, they must be taken as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977), and they must be construed liberally in favor of the plaintiff-appellant. Ott v. Midland-Ross Corp., 523 F.2d 1367, 1369 (6th Cir. 1975).
 
 
 3
 With this standard of review as a guide and upon review of the record below, this court determines that there are genuinely disputed questions as to material facts. Fed. R. Civ. P. 56(c). Accordingly, we reverse.
 
 I.
 
 4
 The 55-year old plaintiff commenced his employment with the defendant in 1952, and, at the time of the alleged age discrimination in 1980, was working along with one other younger person as a dealer development representative in defendant's south central district. Sometime during early 1980, defendant decided to eliminate one of the two dealer representative positions. R.C. Bechler, the defendant's district manager for its south central district, determined that plaintiff's position, rather than that held by the younger employee, should be the one eliminated. It is clear from Bechler's deposition testimony which was before the district court that Bechler did not have final decisionmaking power on this recommended change, and orally reported his recommendation to Mr. Bettaso, his superior. Subsequent to making this recommendation to Bettaso, Bechler called the plaintiff in to discuss this matter with him (App. 43). Although plaintiff's position was to be eliminated, Bechler's recommendation also proposed alternate placement within the company for plaintiff as a zone sales representative. Bettaso's response to Bechler was that he would have to review the recommendation with higher management, including Mr. H.J. Head (App. 43).
 
 
 5
 Prior to Bettaso reporting back to Bechler, the plaintiff was called in by Bechler to discuss this matter. Bechler told plaintiff of his recommendation and that 'it was still being reviewed.' (Bechler Dep. at 30; App. 44). Plaintiff expressed dissatisfaction and disappointment with Bechler's recommendation, and the conclusion of this mid-May, 1980, meeting is described by Bechler in his deposition as follows:
 
 
 6
 Q. How did the meeting end? What was to be done next?
 
 
 7
 A. I believe I said to him [plaintiff] I still had to hear back from Mr. Bettaso . . ..
 
 
 8
 (App. 46)
 
 
 9
 On May 22, prior to hearing anything further officially on what happened to the Bechler recommendation, the plaintiff wrote to Bechler. The letter again expresses plaintiff's disappointment with Bechler's recommendation to eliminate his position, as well as his dissatisfaction with the proposed alternate placement. In the letter, plaintiff states, relative to the Bechler recommendation: 'If it is final, I want to be placed in a zone' (App. 48).
 
 
 10
 Plaintiff heard nothing further officially until he received a letter dated June 11, 1980, from Mr. H.J. Head. Head indicates that Bechler forwarded plaintiff's May 22 letter to him for response. After briefly discussing the economic conditions that made a cutback of personnel necessary, the Head letter states:
 
 
 11
 The elimination of a Dealer Operations Representative in the South Central District and your subsequent selection for reassignment was previously reviewed with me. Your reassignment, like other actions taken in T & I Operations, was based solely on established policy and practice. I assure you that the decision was not related to age as referenced in your communication. Inasmuch as conditions have not improved during the recent weeks, I regret that no action can be taken to reverse that decision.
 
 
 12
 (App. 38.)
 
 
 13
 This matter was concluded when plaintiff informed Bechler by letter dated June 13, 1980:
 
 
 14
 It is with much regret and unwillingness that rather than accept a demotion of two grades and corresponding decrease in salary, I must consider the situation necessitates my accepting the Special Early Retirement offer, which I have been told will take effect on June 30, 1980.
 
 
 15
 (App. 49.)
 
 
 16
 The district court correctly concluded that since the plaintiff's filing with EEOC occurred on December 2, 1980, the discriminatory act must have occurred on or after June 5, 1980, to meet the 180-day filing requirement.
 
 
 17
 The district court also correctly determined that it should be guided by Delaware State College v. Ricks, 449 U.S. 250 (1980), and Chardon v. Fernandez, 454 U.S. 6 (1981), in determining when the limitations period begins to run. The teaching of Ricks and Chardon is that "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which theconsequences of the acts became most painful. Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)." Ricks, 449 U.S. at 258.
 
 
 18
 It is not disputed in this case that the 180-day filing period is not jurisdictional and is subject to waiver and equitable tolling.[2] Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (Title VII).
 
 II.
 
 19
 The deposition testimony of Bechler makes it clear that as of his mid-May, 1980 meeting with plaintiff, there was only a recommendation and not a decision to eliminate plaintiff's position. Similarly, plaintiff's May 22, 1980 correspondence makes it clear that plaintiff is discussing possible consequences if Bechler's recommendation became the final decision of higher management.
 
 
 20
 It is true that in Head's June 11 letter he speaks of the decision as if it was already made as opposed to just being made as of that date. However, as stated in Ricks, '--and the filing limitations periods therefore commenced--at the time the tenure decision was made and communicated to Ricks.' Ricks, 449 U.S. at 258 (emphasis added). There is nothing in the record from which the district judge properly could have concluded as a matter of law that this June 11, 1980 letter was not plaintiff's first notice of a final decision to terminate his position as plaintiff contends.[3] We find this factual issue to be genuinely disputed and not resolvable by the district court on a motion for summary judgment.
 
 
 21
 Defendant also raises the issue of the effect of plaintiff ultimately taking 'special early retirement.' Although the district court did not address this issue, it is properly before us because it was raised below in defendant's motion for summary judgment. On this issue, we find that there are also genuinely disputed questions as to material facts which require further resolution. The situation here is factually distinguishable from Ackerman v. Diamond Sharmrock Corp., 670 F.2d 66 (6th Cir. 1982), relied upon by defendant. In Ackerman, the court found there was no question that Ackerman took early retirement to avoid a termination under circumstances that could have been very embarrassing, and that related, inter alia, to poor work performance and excessive drinking. The court also found in Ackerman that summary judgment was appropriate, since there was no evidence of any age discrimination--the employer's decision having been made on the basis of valid business reasons relating to Ackerman's actions and performance.
 
 
 22
 Here, we have plaintiff Lasher stating in writing that he was retiring with 'unwillingness' and an inadequately developed record as to the totality of the circumstances surrounding his decision. In addition, we are not prepared to state that the choosing of the lesser of two undesirable alternatives would automatically preclude an individual from claiming that the more onerous alternative which he did not choose (position termination) was grounded in illegal employment discrimination.
 
 
 23
 The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 At the time of plaintiff's filing with EEOC, Tennessee was not a deferral state and so plaintiff had 180 days in which to file
 
 
 [2]
 Since we find that the district court improperly granted summary judgment on the question of when the 180-day period started to run, we find it unnecessary to address the issue of equitable tolling
 
 
 [3]
 There is no dispute in this case that the alleged discriminatory act was the decision to terminate plaintiff as a dealer development representative