861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George E. NEWMAN, Appellant,
v.
UNIVERSAL CONCRETE PRODUCTS, et al., Appellee.
 No. 87-6314.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD B. McQUADE, District Judge.[1]
 PER CURIAM.
 
 
 1
 Appellant, George E. Newman, appeals from the entry of summary judgment in favor of the appellee, Universal Concrete Products, Inc. The U.S. District Court for the Western District of Kentucky entered judgment against Newman on his claim brought pursuant to the Age Discrimination in Employment Act [hereinafter "ADEA"], 29 U.S.C. Sec. 621 et seq.
 
 
 2
 In September of 1974, Universal hired Newman as assistant plant superintendent. Newman alleges that at that time, he was told that he would be trained to assume the job of plant superintendent when Willis Wright retired. On March 31, 1980, Wright retired and Newman was promoted to plant superintendent over all operations. In 1983, the company named one Jansen as superintendent of its prestress division. Newman remained superintendent of the pipe division. In the latter part of 1984, the company determined it should return to one superintendent over both divisions, and Jansen assumed that position. Newman was demoted to the position of pipe division foreman. Still later, Universal determined that its plant was overstaffed with two foremen in the pipe and prestress divisions. In December, 1985, a foreman named Walls was laid off from the prestress division. In February, 1986, Newman was laid off. Don Brown, who was two years younger than Newman and who also acted as a pipe division foreman, was retained in his post. Brown had been with the company since September 8, 1956. Newman had been with the company since September 15, 1974.
 
 
 3
 Following Newman's 1984 demotion, plaintiff's wife, Sarah Newman, contacted the Kentucky Commission on Human Rights [hereinafter "Kentucky Commission"]. According to Mrs. Newman, the Kentucky Commission did not advise her of any of the filing requirements or deadlines connected with the filing of a discrimination claim.
 
 
 4
 Following Newman's 1986 lay-off, Mrs. Newman again called the Kentucky Commission. On that occasion, Mrs. Newman swears that she "was informed that [she] had two years to file with the federal and five years with the state."
 
 
 5
 On August 5, 1986, Newman filed an age discrimination complaint with the Equal Employment Opportunity Commission [hereinafter "EEOC"]. On September 26, 1986, Newman, then age fifty-one, commenced this suit alleging that his 1984 demotion and his 1986 lay-off violated ADEA. Universal moved for summary judgment arguing that Newman had failed to timely file a charge with the EEOC protesting his 1984 demotion. Universal also argued that Newman's cause of action for the 1986 lay-off failed to present a prima facie case of discrimination under the ADEA.
 
 
 6
 The district court agreed and entered summary judgment for Universal. This appeal followed. For the reasons that follow, we affirm the district court's judgment.
 
 I.
 
 7
 Directing our attention first to the question of whether appellant's 1984 claims was time barred, we observe that section 7(c) of the ADEA, 29 U.S.C. Sec. 626(c), provides for a private action to enforce the provisions of the statute. The time requirements for bringing such actions are set forth in 29 U.S.C. Sec. 626(d), as follows:
 
 
 8
 (d) Filing of charge with Commission timeliness; conciliation, conference and persuasion.
 
 
 9
 No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed--
 
 
 10
 (2) in a case which Section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
 
 
 11
 Id.[2] Hence, Newman was required to file his age discrimination charge within 300 days after September 1984, when the alleged unlawful events occurred. Newman did not file the charge until August 5, 1986.
 
 
 12
 Appellant argues that two circumstances create genuine issues of fact as to whether the statute of limitations should be equitably tolled. First, Newman contends that the company's actions should be considered in equitably tolling the statute of limitations. In support, appellant refers to evidence that the company retained Newman as a foreman, but required him to perform the same duties he had performed as a superintendent; that the company promised continued indefinite employment; that the company's plant manager promised to attempt to make up part of the wage reduction; and finally, that the company promised to recall Newman following his lay-off. Newman urges that these actions or promises were made to induce him to refrain from seeking legal redress for his age discrimination injuries.
 
 
 13
 Second, Newman argues that the misleading information provided by the Kentucky Commission tolls the statute of limitations. Citing Aronsen v. Crown Zellerbach, 662 F.2d 584 (9th Cir.1981), cert. denied, 459 U.S. 1200 (1983), plaintiff argues that when tolling is an issue, summary judgment is not appropriate. Id. at 595.
 
 
 14
 In considering these arguments, we note that Aronsen does not stand for the proposition that summary judgment is never appropriate when equitable tolling is an issue. Id. In this case, summary judgment was appropriate.
 
 
 15
 The company's actions and representations upon which Newman relies, taken in a light most favorable to him, are not the type which give rise to equitable tolling. Equitable tolling is applicable, as both the appellant and appellee agree, in cases where an element of fraud or misrepresentation exists.
 
 
 16
 We have applied the doctrine of equitable estoppel when a fraudulent inducement causes an employee to delay the filing of the claim. Ott v. Midland-Ross Corporation, 523 F.2d 1367 (6th Cir.1975). In that case, the plaintiff alleged that he took early retirement and refrained from filing an ADEA action, because the defendant promised to hire him as a consultant for at least ten days out of the month and promised that he would earn more as a consultant than he had earned as a permanent employee.
 
 
 17
 The principle that '... no man may take advantage of his own wrong' prevents a defendant whose actions have induced a plaintiff to delay filing a suit until after the running of the limitation period from asserting the statute of limitations as a defense to this action. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 232; Burke v. Gateway Clipper, Inc., 441 F.2d 946, 948 (3d Cir.1971); Bergeron v. Mansour, 152 F.2d 27, 30 (1st Cir.1945). The plaintiff must bring suit within a reasonable time after discovery, or within a reasonable time after he should have discovered the actions of the defendant that induced him to delay the lawsuit.
 
 
 18
 Ott, 523 F.2d at 1370.
 
 
 19
 In contrast to the appellant in Ott, Newman has failed to show any fraud, misrepresentation or detrimental reliance on defendant's statements. Most of the appellant's reasons for refraining from filing his complaint stem from his own belief that he would be employed indefinitely, and that he should not create trouble. Newman Deposition at 42-43. There is no indication of fraud or misrepresentation. The plant manager's statements were merely attempts to mitigate the harshness of a demotion or termination. There is no inference of a deliberate design to induce him not to file.
 
 
 20
 Newman also argues that the time bar should be equitably tolled because the Kentucky Commission led him to believe that the statute of limitations was two years. That statement, however, was in response to appellant's wife's second call to the Commission following his 1986 lay-off. Sarah Newman Affidavit at 3.
 
 II.
 
 21
 We now turn to the question of whether Newman had presented evidence sufficient to establish a prima facie case of age discrimination stemming from his 1986 lay-off.
 
 
 22
 In McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), the United States Supreme Court set forth the criteria for establishing a prima facie case in a Title VII action. First, the plaintiff must bear the burden of proving by a preponderance of evidence a prima facie case of discrimination. Then, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to "articulate some legitimate non-discriminatory reason for the employee's rejection." Id. at 802. Finally, if the defendant meets its burden, the plaintiff then must prove by a preponderance of evidence that these legitimate reasons offered by the defendant were a pretext for the discrimination. Id. The McDonnell-Douglas guidelines are that a Title VII prima facie case can be established when the plaintiff shows that: 1) he was a member of a protected class; 2) he was discharged; 3) he was qualified for the position; and 4) he was replaced by a younger person. LaGrant v. Gulf & Western Manufacturing Co., Inc., 748 F.2d 1087, 1090 (6th Cir.1984). This Court, however, repeatedly has rejected strict adherence to the McDonnell-Douglas test in ADEA cases. Id. See also, Dabrowski v. Warner-Lambert Co., 815 F.2d 1076, 1080 (6th Cir.1987); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982); Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118 (6th Cir.1980).[3]
 
 
 23
 In Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir.1975), this court stated that the mere fact that an employee was replaced with a younger individual does not establish a prima facie case. Id. at 131 n. 4. The same rule applies to lay-offs when a younger employee is retained and the older employee is laid off. In LaGrant, supra, an older individual had been replaced by a younger individual when two departments were consolidated. This court stated that "the mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish prima facie case of age discrimination." Id. at 1090. This court found that a plaintiff, such as Newman, must come forward with additional, direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a prima facie case. Id. at 1091.
 
 
 24
 It is not disputed that Newman was a member of a protected class, that he was replaced by a younger person and that he was qualified. His only additional evidence of age discrimination is a vague statement by the general manager, two years before the lay-off, that Newman was getting to an age where he needed more time off. We believe that the totality of Newman's evidence is insufficient to establish a prima facie case of age discrimination. Accordingly, the district court's grant of summary judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard B. McQuade, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [2]
 Section 633(b) is applicable when a state has a law prohibiting discrimination in employment because of age and establishes or authorizes a state authority to grant or seek relief from the discriminating practice. Kentucky has such a law and an enforcement authority, thus, Section 633 applies, as does Section 626(d)(2)
 
 
 [3]
 Some courts of appeals have held that a prima facie case can be established under the ADEA merely by establishing that the plaintiff was a member of a protected group; he was qualified for the position; he was discharged; and he was replaced by a younger person. See e.g. Price v. Maryland Casualty Company, 561 F.2d 609 (5th Cir.1977)