Jacqueline MAZZOLLINI,
et al., Plaintiffs,

v.

**BLUE CROSS/BLUE SHIELD
OF MICHIGAN, et al.,
Defendants.**

**No. 1:95 CV 2187.**

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 30, 1996.

John David Latchney, Andrew J. Dorman, Cleveland, OH, for plaintiffs.

Jeffrey A. Key, Anthony J. O'Malley, Alison L. Drake–Kinnear, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

On October 13, 1995, Plaintiffs Jacqueline and Donald Mazzolini brought this action against Defendants Blue Cross/Blue Shield of Michigan ("BC/BS") and University Hospitals of Cleveland ("University Hospitals"), seeking benefits under an employee welfare benefit plan (the "Plan") funded by a group insurance policy issued to Plaintiff Donald Mazzolini and underwritten by BC/BS. It is undisputed that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.S. 1001, et seq. ("ERISA").

Plaintiffs filed their First Amended Complaint on February 5, 1996, alleging the following claims against University Hospitals: equitable estoppel, negligence and reckless infliction of emotional distress. University Hospitals filed a Motion to Dismiss the First Amended Complaint (Document # 21) on March 4, 1996, because the state law claims alleged against University Hospitals are preempted by ERISA. Plaintiffs submitted a Memorandum in Opposition to University Hospitals' Motion to Dismiss on March 13, 1996. University Hospitals filed a Reply Memorandum in Support of its Motion to Dismiss on March 20, 1996. Status Conferences were held by the Court on May 1, 1996, and May 29, 1996. Counsel for all parties were present for both status conferences. The parties were instructed to submit proposed orders dismissing all claims against University Hospitals. University Hospitals filed a Proposed Order on May 24, 1996. BC/BS filed a Memorandum in Support of Rule 54(b) Finding on June 17, 1996 and Plaintiffs filed a similar Memorandum in Support of Rule 54(b) Finding on June 17, 1996 and Plaintiffs filed a similar Memorandum in Support of Rule 54(b) Finding on June 21, 1996. After a careful evaluation of the record, the pleadings, affidavits, motions and filings of the parties, University Hospitals' Motion to Dismiss the First Amended Complaint is GRANTED.

■ It is well-settled that ERISA provides for broad preemption of state law claims that "relate to" an ERISA employee benefit plan. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 730, 105 S.Ct. 2380, 2384, 85 L.Ed.2d 728 (1985); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir.1990). A state law claim relates to an ERISA plan, and is therefore preempted, if the claim has a connection with or reference to the ERISA plan. *Cromwell*, 944 F.2d at 1275. This is so regardless of the label affixed to the state law claim or the intent of the party asserting the claim. *Id.* Courts have routinely held that state law tort and contract claims are preempted by ERISA. *Tassinare v. American Nat. Ins. Co.*, 32 F.3d 220, 224 (6th Cir.1994) (breach of contract and intentional infliction of emotional distress claims); *Cromwell*, 944 F.2d at 1276 (promissory estoppel, breach of contract, negligent misrepresentation and breach of good faith claims.)

■ Plaintiffs' equitable estoppel, negligence and negligent infliction of emotional distress claims are predicated on University Hospitals' alleged misrepresentation or failure to inform Plaintiffs as to the scope of their Plan coverage. First Amended Complaint ¶¶ 53–55, 59–60, 63–64. Applying ERISA preemption principles to these claims, it is apparent that the claims have an immediate connection with or reference to the Plan at issue. The basis of all claims asserted against University Hospitals is whether and to what extent Plaintiffs were covered under their Plan.

Plaintiffs cannot recover ERISA benefits from University Hospitals under the guise of state law claims. In light of Congress' intent in enaction ERISA to preempt completely the field of employee benefits plans, Plaintiffs are constrained to seek relief under the Plan

pursuant to ERISA claims. *Cromwell,* 944 F.2d at 1276.[1]

Accordingly, Defendant University Hospitals' Motion to Dismiss Plaintiffs' First Amended Complaint (Document # 21) is GRANTED and Counts VII, VIII and IX of Plaintiffs' First Amended Complaint are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

1. Because there is no federal question presented as to University Hospitals and there is no diversity between the Plaintiffs and University Hospitals, pendant party jurisdiction over University Hospitals does not exist. *See, e.g., Manchester v. Lewis, et al.,* 507 F.2d 289, 291 (6th Cir.1974).