Michael E. MARSHALL,
et al., Plaintiffs,

v.

ORMET CORPORATION, Defendant.

No. C2–02–120.

United States District Court,
S.D. Ohio,
Eastern Division.

Aug. 19, 2002.

John Richard Tomlan, Tomlan Law Offices, St. Clairsville, OH, for Plaintiffs.

Brian T. Johnson, Baker & Hostetler, Columbus, OH, for Defendant.

## *OPINION AND ORDER*

SARGUS, District Judge.

This matter is before the Court for consideration of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 2). Plaintiffs assert state law claims for misrepresentation, breach of fiduciary duty, intentional infliction of emotional distress, loss of survivorship interest in retirement benefits and loss of consortium. Defendant claims, however, that although styled as claims for relief under state law, Plaintiffs' allegations amount to a claim for breach of duty by fiduciary of a plan governed by the Employee Retirement Income Security Act of 1974, as amended,

("ERISA") 29 U.S.C. § 1001 *et seq.* Further, Defendant claims that Plaintiffs cannot maintain a claim under ERISA because their suit is untimely and it is filed against the wrong defendant.

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, Defendant's Motion is provisionally **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint contains the following allegations. Plaintiff Michael Marshall was hired at Defendant Ormet Corporation on May 9, 1974. *Complaint* ¶ 2. On approximately July 20, 1987, Mr. Marshal was involved in an altercation at work which caused him ongoing psychiatric problems and which prevented his return to gainful employment permanently. *Id.* ¶ 3. Marshall drew the maximum 104 weeks of accident and sickness benefits under Defendant's benefit program. *Id.* ¶ 4.

Approximately 4 months before Marshall's accident and sickness benefits were to expire, Mr. Marshall consulted with Harry Moorehead, Defendant's Manager of Corporate Benefits, regarding Marshall's interest in applying for disability retirement benefits that would take effect in August of 1989. *Id.* ¶ 5. Moorehead informed Marshall that he could file for disability retirement benefits, but that because of his young age and insufficient years of service he would not qualify. *Id.* ¶ 6. Plaintiff did not file for benefits. *Id.* ¶ 7.

In May of 1992 Marshall applied for, and was denied, disability retirement benefits. *Id.* ¶ 8. Marshall was given 60 days to appeal this decision, yet did not do so. Marshall claims that Moorehead continued to advise him that he did not qualify for disability retirement benefits and that it would be futile to continue to apply. *Id.* ¶ 9.

In 1997, Marshall's disability retirement benefits were granted, effective March 1, 1997. *Id.* ¶ 10. Marshall claims that he would have received disability retirement benefits for the period between August 1, 1989 and February 28, 1997 if Moorehead had not made false representations to him about his ability to qualify for said benefits. *Id.* ¶¶ 11–15.

Marshall and his wife filed the Complaint on January 7, 2002 in Monroe County, Ohio. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 and Section 502(e)(1) of ERISA, 19 U.S.C. § 1132(e)(1). Defendant now moves the Court to dismiss Plaintiffs' case for failure to state a claim upon which relief can be granted.

## II. STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir.1987) (*en banc* ). In reviewing the motion, this Court must construe the complaint liberally in the nonmovant's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976).

A "complaint need not set down in detail all the particularities of a plaintiff's claim," *Westlake,* 537 F.2d at 858, the complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Thus, a 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. *Cheriee Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). Conse-

quently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. *See generally, Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir.1978); *Ott v. Midland–Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975); *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir.1970).

## III.  ANALYSIS

Defendant moves for dismissal of this case arguing that Plaintiffs' claims are (A) preempted by ERISA; and (B) are barred by ERISA's statute of limitations and brought against the wrong party. The Court will address each of Defendant's claims *seriatim.*

### A.  Preemption

▪ It is the general rule that a plaintiff may elect to base his or her complaint upon state law and prevent removal to federal court under what is termed the "well-pleaded complaint rule." *Caterpillar v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under this principle, a plaintiff may elect to assert valid state claims while foregoing any possible federal claims and thereby defeat the federal question jurisdiction of the United States District Court. A well-established exception to the well-pleaded complaint rule occurs when federal law has created "complete preemption." *Warner v. Ford Motor Co.*, 46 F.3d 531, 533–34 (6th Cir.

1995). Under Article VI of the Constitution, the Constitution and laws of the United States, and treaties are deemed to be "the supreme law of the land." U.S. CONST., art. VI, P2. "Consequently, if a plaintiff seeks to assert only a state law claim in an area in which the Federal Constitution, laws or treaties have preempted the field, the well-pleaded complaint rule must give way to the supremacy of federal law." *Wheeling–Pittsburgh Steel Corp. v. Mitsui & Co.*, 26 F.Supp.2d 1022, 1025 (S.D.Ohio 1998) *aff'd* 221 F.3d 924 (6th Cir.2000). The question before the Court, therefore, is whether the Complaint raises matters within the exclusive jurisdiction of federal law or treaty.

Plaintiffs argue that their claims are not within the exclusive jurisdiction of ERISA because (1) they are not merely trying to recover benefits under a pension plan but, instead, "are seeking to redress Defendant's intentional and/or fraudulent conduct to deprive Plaintiff of benefits due under the plan and for other tortious relief," and because (2) there is no adequate remedy provided by ERISA. The Court disagrees, and for the reasons that follow find that Plaintiffs' claims are preempted by ERISA.

### 1.  Recovery of Benefits Under ERISA

Defendant contends that Plaintiffs' claims are governed by Sections 409 and 532(a)(2) or (3) [1] of ERISA, 29 U.S.C. § 1109 and 1132(a)(2) and (3), provide subject matter jurisdiction over claims for breach of duty by a fiduciary [2] with respect

---

**1.**  The Court notes that 29 U.S.C. § 1132(a)(3) is the proper section of ERISA under which Plaintiffs' claims for breach of fiduciary duty are governed. *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (holding that this section is broad enough to cover individual equitable (not damages) relief to plan participants).

**2.**  Section 3(21)(A) of ERISA states that "a person is a fiduciary with respect to a plan to

the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . , or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

For the purposes of this Motion, Defendant concedes that Moorehead exercises discre-

to an employee benefit plan.[3] Further, Section 532(e)(1) of ERISA, 29 U.S.C. § 1132(e)(2), requires that all claims for breach of fiduciary duty relating to an employee benefit plan be brought exclusively in federal district court.[4]

ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [covered by ERISA]." 29 U.S.C. § 1144(a). It is not disputed that the Plan is an employee benefit plan as defined by ERISA. "ERISA preempts state law and state law claims that "relate to" any employee benefit plan as that term is defined therein." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell*, 944 F.2d at 1275–76; *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1983).

Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern. *See Pilot Life*, 481 U.S. at 41, 107 S.Ct. 1549; *Cromwell*, 944 F.2d at 1276; *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir.1987). The Supreme Court has consistently emphasized the expansive sweep of the preemption clause. *See, e.g.'s, Pilot Life*, 481 U.S. at 41, 107 S.Ct. 1549; *Metropolitan Life*, 471 U.S. at 730, 105 S.Ct. 2380; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). "Thus, only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Cromwell*, 944 F.2d at 1276. The Sixth Circuit, too, "has repeatedly recognized that virtually all state law claims relating to an employee benefit plain are preempted by ERISA." *Id.; Ruble v. UNUM Life Ins. Co.*, 913 F.2d 295 (6th Cir.1990); *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689 (6th Cir.1989), *cert. denied*, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990); *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426 (6th Cir.1989); *Neusser*, 810 F.2d 550. Regardless of the label that a plaintiff assigns, a state law claim is preempted if it makes reference to, or has connection with, an ERISA plan. *See California Division of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997); *Cromwell*, 944 F.2d at 1276.

In the instant case, Plaintiffs assert the following state law claims: fraudulent misrepresentation, breach of fiduciary duty, intentional infliction of emotional distress,

tionary authority with respect to the plan, and therefore, is a plan fiduciary under ERISA.

**3.** Section 409 of ERISA provides that "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach ...." The Sixth Circuit has also held that this provision gives rise to a cause of action for individual equitable relief, which can include restitution, but not money damages. *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Allinder v. Inter–City Prods. Corp.*, 152 F.3d 544, 552 (6th Cir. 1998).

**4.** Section 532(a)(3) of ERISA provides that a participant may bring a civil action for appropriate relief under Section 409, and Section 532(e) of ERISA provides that district courts shall have exclusive jurisdiction over such claims.

loss of survivorship interest in retirement benefits and loss of consortium.

■ Fraudulent misrepresentation, breach of fiduciary duty, and loss of survivorship interest in retirement benefits are claimed as grounds for the recovery of Plan benefits. Plaintiffs' claim that Harry Moorehead, an ERISA plan fiduciary, allegedly breached his fiduciary duties by making certain misrepresentations to Plaintiff Michael Marshall, with the result being that Plaintiffs failed to obtain benefits under Defendant's pension plan. Where, as here, a court entertaining the merits of this misrepresentation claim would be forced to calculate the benefits that would have been owed to a plaintiff under an ERISA plan, then the claim is preempted. *Lion's Volunteer Blind Industries, Inc., v. Automated Group Administration, Inc.*, 195 F.3d 803, 809 (6th Cir.1999); *Cromwell*, 944 F.2d at 1276 ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."). Thus, these three state law claims are at the very heart of issues within the scope of ERISA's exclusive regulation. *See also, Cromwell*, 944 F.2d at 1276 (citing with approval *Richland Hosp. Inc. v. Ralyon*, 33 Ohio St.3d 87, n. 3, 516 N.E.2d 1236 (1987) which held a claim for willful and malicious misrepresentation of benefits preempted). Consequently, not only are these claims preempted, they are likely governed by 29 U.S.C. § 1132(a)(1)(B) which allows for recovery of benefits due under an ERISA plan.

■ Likewise, Plaintiff's intentional infliction of emotional distress claim is preempted by ERISA. This claim rests on Plaintiff's allegation of distress caused the non-payment of disability retirement benefits and thus, "relates to [an] employee benefit plan, and therefore are preempted" by ERISA. *Tassinare v.*

*American Nat'l Ins. Co.*, 32 F.3d 220, 224 (6th Cir.1994) (intentional infliction of emotional distress claims preempted by ERISA) *citing Kuhl v. Lincoln Nat'l Health Plan*, 999 F.2d 298, 304 (8th Cir. 1993) (emotional distress claim preempted), *cert. denied*, 510 U.S. 1045, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994) and *Maciosek v. Blue Cross & Blue Shield*, 930 F.2d 536, 540 (7th Cir.1991) (same). *See also Mazzollini v. Blue Cross/Blue Shield of Michigan*, 953 F.Supp. 185, 186 (N.D.Ohio 1996) (equitable estoppel and negligent infliction of emotional distress claims preempted by ERISA).

■ Finally, because Plaintiffs' loss of consortium claim is derivative, it cannot survive as an independent state law claim once the claims on which it rests are preempted.

### 2. Adequate Remedies Under ERISA

■ Plaintiff argues that ERISA does not provide a remedy for the wrongs they assert, *i.e.* fraud, misrepresentation, promissory estoppel and loss of consortium. *Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss*, at 2. Further, Plaintiffs' contend that "the damages requested, such as punitive damages, illustrate Plaintiffs are claiming damages outside those provided by ERISA ...." *Id.*

Plaintiffs rely on *Perry v. PIE Nationwide, Inc.*, 872 F.2d 157, 162 (6th Cir. 1989), for the proposition that "preemption should apply to a state-law claim only if Congress has provided a remedy for the wrong or wrongs asserted." The Sixth Circuit has rejected this argument stating:

We also reject Mr. Reynolds' argument that, according to *Perry*, ERISA does not preempt state law claims when there is no adequate remedy under ERISA. On its face, *Perry* might appear to endorse the idea that "preemption should apply to a state law claim only if Con-

gress has provided a remedy for the wrong or wrongs asserted." *Perry,* 872 F.2d at 162, *citing Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.). But as noted in *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 943 n. 5 (6th Cir.1995), *Perry* did not actually hold that a plaintiff could pursue a state law claim "that fell within ERISA's civil enforcement provision merely because ERISA did not provide the desired remedy."

*Massachusetts Casualty Insurance Co. v. Reynolds,* 113 F.3d 1450, 1454 n. 2 (6th Cir.1997).

The *Perry* Court differentiated between plaintiffs who seek plan benefits, such as the Plaintiffs in this case, and plaintiffs who do not seek plan benefits or an increase in plan benefits. The plaintiffs in *Perry* did not seek benefits under an ERISA-governed plan. The court explained that:

> Here, plaintiffs seek a rescission of the plan and restitution of the agreed wage reduction. Neither party has cited any case indicating that § 1132 [or ERISA] provides a remedy of the type sought by the plaintiffs. Plaintiffs, unlike the complainants in some of the cases cited or discussed above, do not seek plan benefits or an increase in plan benefits; rather, they seek not to be bound as participants and thus to recoup their wage reductions.

*Perry,* 872 F.2d at 162.

In the case at bar, Plaintiffs seek Plan benefits. To be exact, Plaintiffs seek benefits for the period of August 1, 1989 through February 28, 1997. *Complaint* ¶¶ 15, 21, 24 and 27 (seeking disability retirement benefits for this specified time period in all four claims presented in the Complaint). Consequently, the relief Plaintiffs seek falls within ERISA's civil enforcement provision and is therefore preempted by ERISA. *See Tolton,* 48 F.3d at 943 n. 5.

## B. Statute of Limitations and Proper Defendant

█ Defendant claims that Plaintiffs' claims are barred by ERISA's three (3) year statute of limitations and that Ormet is not the proper defendant. *Defendant's Memorandum in Support of Motion for Summary Judgment,* at 7. Thus, Defendant asks the Court to dismiss Plaintiffs' claims. The Court, however, concludes that Plaintiffs should be given leave to amend their Complaint. "Having assumed jurisdiction over this case, this Court may also consider whether plaintiff should be given leave to amend its Complaint." *Wheeling–Pittsburgh Steel Corp. v. Mitsui & Co.,* 26 F.Supp.2d 1022, 1029 (S.D.Ohio 1998) *aff'd* 221 F.3d 924 (6th Cir.2000). Under Federal Rule of Civil Procedure 15(a), the plaintiff may amend its complaint before a responsive pleading is served, which has yet to occur. Further, additional amendments to the complaint may be made by leave of Court. The rule explicitly requires that the Court grant permission to amend the complaint when justice so requires. Fed.R.Civ.P. 15(a).

In light of the foregoing, it is clear that plaintiff's Complaint, while couched solely in terms of state law, raises issues which are completely preempted by federal law. It is apparent from the face of the Complaint that the conduct complained of by Plaintiffs is preempted by ERISA which vests concurrent jurisdiction in the District Courts of the United States. Because the Court is not convinced that the factual allegations set forth in the Complaint fail to support a valid cause of action under ERISA, or that the suit is time-barred or brought against the wrong defendant, Defendants' Motion to Dismiss will be provisionally denied. In turn, the plaintiff may

amend its Complaint on or before August 29, 2002.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is provisionally DE-NIED. (Doc. # 2). Plaintiffs are given until August 29, 2002 to amend their Complaint.

**IT IS SO ORDERED.**