Carl Thomas RAUCH, III,
Plaintiff-Appellant,

v.

DAY AND NIGHT MANUFACTURING
CORPORATION et al.,
Defendants-Appellees.

No. 76–1972.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 15, 1977.

Decided May 3, 1978.

Robert C. Livo, Hile & Livo, Nicholas V. Hile, Cheboygan, Mich., for plaintiff-appellant.

Robert L. Hetzler, Smith & Brooker, P.C., Carl H. Smith, Bay City, Mich., for defendants-appellees.

Before PECK, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

The single issue in this appeal is whether a district court may *sua sponte* dismiss a diversity action against defendants for lack of personal jurisdiction over them where the defendants themselves have waived any objection on this account and have acted in the case inconsistently with that defense. We hold that it may not and that the district court here erred in granting relief which the defendants themselves were precluded, under Rule 12, Fed.R.Civ.P., from seeking.

The complaint alleged that on January 6, 1971, plaintiff Carl Thomas Rauch, III and others in his family were overcome by carbon monoxide poisoning resulting from the malfunction of a gas-fired wall heater in a motel room which plaintiffs were occupying while on vacation in Juarez, Mexico. The complaint further alleged that the heater was manufactured by the defendant Day and Night Manufacturing Corporation. Four individual officers and directors of Day and Night were also alleged to be personally liable and an unknown successor corporation to Day and Night was named as an additional defendant. Separate counts charged defendants with negligence, breach of warranty, strict liability, and intentional tort.

While several members of the Rauch family had originally joined in the suit and while a distributor of the wall heater had been named as a defendant, only the claim of Carl Thomas Rauch, III against the Day and Night defendants remains and is the subject of this appeal. Rauch allegedly incurred extensive permanent injuries from being overcome by the carbon monoxide, necessitating the appointment of a guardian to handle his affairs.

The plaintiffs, domiciled in Michigan, had originally commenced suit against Day and Night in Texas on January 14, 1974. The instant action was commenced in the United States District Court for the Eastern District of Michigan on June 11, 1974. Service of process as to the corporate defendant was made upon the Secretary of State of Delaware, Day and Night having been a Delaware corporation.

On August 30, 1974 the defendant manufacturer and the individual defendants, who will be referred to collectively as "Day and Night," filed an appearance and, in a separate document, moved to stay the Michigan

proceedings on the ground of the pendency of an identical action in Texas, alleging that the parties had appeared therein and that "there have been some hearings involving the merits of plaintiffs' cause of action." The motion also sought dismissal of the Michigan claim because:

the action by plaintiffs is barred by the Statute of Limitations. The injuries complained of were allegedly received on January 6, 1971, and this action was not filed until June 12, 1974.

No objection to the *in personam* jurisdiction over Day and Night was made.

On March 10, 1975 the Texas action was dismissed without prejudice. This was followed on March 25, 1975 by a stipulation between counsel for the plaintiffs and for Day and Night to an order in the Michigan case staying all proceedings until the further order of the court, and by a subsequent stipulation between the same parties on May 29, 1975, vacating the stay order and reinstating the cause to full and active status.

After reinstatement of the Michigan action, counsel for Day and Night on November 17, 1975 served upon Carl Rauch, III extensive interrogatories, 87 in number, and covering all aspects of the case. Those interrogatories were fully answered by Rauch on December 18, 1975.

On March 8, 1976, Day and Night noticed on for hearing the motion to dismiss which it had previously filed. On March 31, 1976, attorneys for the other defendant in the case filed an amended motion to dismiss, alleging for the first time as grounds therein that "[t]his court lacks in personum (sic) jurisdiction over this defendant." It nowhere appears that Day and Night joined in the March 31 motion of the other defendant.

On May 17, 1976 the district court in a memorandum opinion and order held with respect to the statute of limitations defense that the actions had been filed in an untimely manner with regard to plaintiffs Kathy Rauch and Bill Rauch, and that their actions were barred by Michigan's three-year statute of limitations in Mich.Stat. Ann. § 27A.5805 [M.C.L.A. § 600.5805]. The district judge held that the question of whether the applicable statute of limitations was tolled as to Carl Rauch was a factual issue. It appeared that a guardian had been appointed for him by the Probate Court of Cheboygan County, Michigan after the accident and had not been discharged of his duties until June 12, 1972. Nonetheless, the trial judge made the following determination:

However, the court finds that there is no proper basis for personal jurisdiction over any of the defendants and therefore may not allow this case to proceed. Although only some of the defendants have raised the issue of lack of jurisdiction, the Court is required sua sponte to review the amended complaint of plaintiffs and determine if all the defendants are properly before the Court. Giving plaintiffs' amended complaint a fair reading the Court cannot find any basis for gaining personal jurisdiction over any of the defendants under the applicable state and federal laws.

■ We conclude that the trial judge erred in failing to distinguish between concepts of subject-matter jurisdiction and those relating to *in personam* jurisdiction. The former may never be waived and may always be reached by the court *sua sponte*,[1] for the plain reason that parties may not confer upon a court subject-matter jurisdic-

---

1. It is of course proper, and indeed mandatory for a court to inquire into its subject-matter jurisdiction. We note, for example, that there is some uncertainty as to whether the complaint and record are sufficient to demonstrate diversity of citizenship of the parties under 28 U.S.C. § 1332. The amended complaint fails to allege the principal place of business of Day and Night Manufacturing Corporation or the domiciles of the four individual defendants. Also it fails to state the citizenship of the "John Doe" successor corporation, which is alleged to have acquired all the assets and liabilities of Day and Night. This, of course, should be clarified on remand. *See Sims v. Mercy Hospital*, 451 F.2d 171 (6th Cir. 1971).

tion which does not in fact exist.[2] On the other hand, personal jurisdiction over a defendant may be acquired in a variety of ways, including voluntary appearance, and objections may be barred by the failure timely to assert them. Such clearly occurred here.

Defendants Day and Night have neither filed a motion to dismiss for lack of *in personam* jurisdiction nor joined in a like motion of others. In addition, however, the following inconsistent acts were taken:

August 30, 1974: an appearance was filed on behalf of Day and Night.

August 30, 1974: Day and Night moved to dismiss on the grounds of the statute of limitations, praying also for a stay of the Michigan proceedings because of the pendency of the identical action in Texas.

May 29, 1975: Day and Night joined in a stipulation reinstating the Michigan action.

November 18, 1975: Day and Night filed extensive interrogatories directed to Carl Rauch, III.

March 31, 1976: while attorneys for the other defendant amended their motion to dismiss to add the grounds of lack of *in personam* jurisdiction, Day and Night did not join in that motion.

■■ In *Goldey v. Morning News*, 156 U.S. 518, 521, 15 S.Ct. 559, 560, 39 L.Ed. 517 (1895), the Supreme Court observed:

It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon someone authorized to accept service in his behalf, *or by his waiver, by general appearance or otherwise, of the want of due service.* (emphasis added).

In *Pennoyer v. Neff*, 95 U.S. 714, 725, 729, 24 L.Ed. 565 (1878), the Supreme Court specifically recognized that personal jurisdiction could be founded upon voluntary appearance. Likewise, the parties themselves can contractually agree to submit to the jurisdiction of a given court. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). The question in this case, therefore, is whether under the existing law and under the Federal Rules of Civil Procedure, the conduct by defendants Day and Night amounts to a waiver of any objection to the personal jurisdiction of the court over it.

■■ Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter,

(2) *lack of jurisdiction over the person*,

(3) improper venue,

(4) insufficiency of process,

(5) insufficiency of service of process,

(6) failure to state a claim upon which relief can be granted,

(7) failure to join a party under Rule 19.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. (emphasis added).

Rule 12(h) provides in pertinent part:

(1) A defense of *lack of jurisdiction over the person*, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course. (emphasis added).

\* \* \* \* \* \*

**2.** *E. g., City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Mitchell v. Maurer*, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed.

338 (1934); *Jackson v. Ashton*, 33 U.S. 93, 8 Pet. 148, 8 L.Ed. 898 (1834).

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

While Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction, the rule does not accord similar authority where the court's personal jurisdiction over a party has not been challenged. Case law is unanimous in holding, both before and after enactment of the present court rule, that where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of *in personam* jurisdiction, he waives any objection to that defect. *E. g., Amen v. City of Dearborn*, 532 F.2d 554, 558 n. 7 (6th Cir. 1976); *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972); *Konigsberg v. Shute*, 435 F.2d 551 (3rd Cir. 1970); *Zelson v. Thomforde*, 412 F.2d 56, 58 (3rd Cir. 1969); *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir. 1968); *Crest Auto Supplies, Inc. v. Ero Manufacturing Co.*, 360 F.2d 896, 898 (7th Cir. 1966); *Drabik v. Murphy*, 246 F.2d 408 (2d Cir. 1957); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3rd Cir.), *cert. denied*, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944). *See also Petrowski v. Hawkeye-Security Insurance Co.*, 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639 (1956).

■ Rule 12, as presently constituted, requires that a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his "first defensive move," whether by Rule 12 motion or by a responsive pleading. 5 Wright & Miller, Federal Practice & Procedure: Civil § 1391 at 855 (1969). The rule, so well illustrated by the case at hand, is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions.[3]

■ While it was thought to be advisable to allow certain defenses to be raised by a pre-answer motion, the potential abuse of the privilege by successive filings to gain unjust delay was prevented by subdivisions (g) and (h) of Rule 12. 2A Moore's Federal Practice ¶ 12.05 at 2240 (2d ed. 1975).[4]

3. In considering the operation of Rule 12(g), it is advisable to keep in mind that Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes whereby numerous pretrial motions could be made, many of them in sequence—a course of conduct that often was pursued for the sole purpose of delay. At the same time, Rule 12 is designed to protect parties from the unintended waiver of any legitimate defense or objection. Indeed, the only persons to whom Rule 12(g) presents a hazard are motion-minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions.

Simply stated, the objective of the rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.
5 Wright & Miller, *supra*, § 1384 at 837 (footnotes omitted).

4. Thus, as reprinted in 2A Moore's Federal Practice ' 12.01[28], ' 12.01[33], the Advisory Committee Notes state:

**Committee Note of 1966 to Amended Subdivision (g).**

Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

  By filing an appearance, by stipulating for a stay of proceedings by filing a motion to dismiss on the basis of the statute of limitations, and by entering into an extended discovery, the Day and Night defendants have succeeded in obtaining the very delay which Rule 12 was designed to prevent, although in fairness it did not seek the relief it received. Their only response here is a technical one: that the motion filed, though denominated a motion to dismiss, was nevertheless more properly a motion for summary judgment under Rule 56, Fed.R.Civ.P., and was thus technically not within the ambit of Rule 12 and subject to the waiver provisions of Rule 12(h). This position has not commended itself to those authorities who have considered it.

  While the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. 5 Wright & Miller, *supra*, § 1357 at 607. In such a situation involving an affirmative defense,

> [T]he claim is adequately stated, but in addition to the claim the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. In [this situation] . . . the complaint is said to have a built-in defense and is essentially self-defeating. *Id.*

Thus, it is uniformly held that the defense of limitations may be raised by a Rule 12 motion to dismiss when, as here, the time alleged in the complaint shows that the action was not brought within the statutory period. *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975); *Dayco v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975); *Partis v. Miller Equipment Co.*, 324 F.Supp. 898, 902 (N.D.Ohio 1970), aff'd, 439 F.2d 262 (6th Cir. 1971); 2A Moore's Federal Practice, *supra*, ¶ 12.10. Even where the defect does not appear on the face of the complaint, the defendant can still raise it by a motion to dismiss, accompanied ·by affidavits, which Rule 12(b) permits the court to treat as a motion for summary judgment. 2A Moore's Federal Practice, *supra*, ¶ 12.10 at 2315–16.

We need not here, however, decide whether a similar waiver under Rule 12(h) occurs where a 12(b)(6) motion is converted into a motion for summary judgment under Rule 56, as that did not occur here in any event. The motion relied solely upon the pleaded allegations of plaintiffs' complaint setting forth the date of the occurrence and the date of the commencement of the action in Michigan. It was treated in all respects and at all times by the parties and the court as a Rule 12 motion to dismiss. We see no reason in law or in justice to treat it differently here.

The judgment of the district court is reversed and the case remanded to the district court for further proceedings.

**Committee Note of 1966 to Amended Subdivision (f) (sic h).**

Amended subdivision (h)(1)(A) . . . states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)–(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.