**Cletus O. ASHIEGBU, Plaintiff,**

v.

**Penny PURVIANCE, et al., Defendants.**

Nos. C–2–98–28.

United States District Court,
S.D. Ohio,
Eastern Division.

April 16, 1998.

826

Cletus O. Ashiegbu, Columbus, OH, pro se.

Frank H. Cook, Department of Law, Margaret A. Telb, Ohio Attorney General, Columbus, OH, for defendant.

### OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on two separate motions. First, Plaintiff moves to dismiss Defendant Sandi Bartley–Buzas's Answer. Presumably, Plaintiff moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). Second, Defendants Penny Purivance, Ike Lively, Randy Headly, Joyce Mitchell, Sue Creagan, Joseph Harper, Sheilba Berger, Judy Jones and Randy Ferguson (collectively, the "Individual State Defendants") move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). For the reasons set forth below,

the Court **DENIES** Plaintiff's motion to dismiss the Answer and **GRANTS** the Individual State Defendants' motion to dismiss.

## I. MOTION TO DISMISS DEFENDANT SANDI BARTLEY–BUZAS'S ANSWER

Plaintiff, who is proceeding in this action pro se, seeks dismissal of Defendant Sandi Bartley–Buzas's Answer filed on February 2, 1998. Plaintiff apparently moves pursuant to Rule 12(f). Rule 12(f) allows a court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Upon examination of Defendant Bartley–Buzas's Answer, the Court finds that Defendant Barley–Buzas's Answer is proper and comports to the requirements of the Federal Rules of Civil Procedure. Despite Plaintiff's pleas to the contrary, the Court will not strike Defendant Barley–Buzas's Answer and enter a default judgment for Plaintiff. Therefore, the Court **DENIES** Plaintiff's motion.

## II. MOTION TO DISMISS BY THE INDIVIDUAL STATE DEFENDANTS

The second motion before the Court is the Individual State Defendants' motion to dismiss Plaintiff's complaint against them pursuant to Rule 12(b)(6).

### A. Background

On January 8, 1998, Plaintiff filed a document which the Court interprets as a complaint. Plaintiff brings his complaint against the Individual State Defendants and Sandi Bartley–Buzas in their individual capacities. (Doc. # 2, ¶ 1.) Plaintiff apparently alleges that Defendants conspired against him to deprive his civil rights by denying him employment with the State of Ohio. Plaintiff alleges that all the defendants "occupy high level placement capacity" and "exercise significant placement authorities." (*Id.*, ¶ 2.) Plaintiff further alleges that Defendants "are not ordinary employees of a mere clerical [routine] duty [sic]." (*Id.*)

From the Court's reading of Plaintiff's complaint, Plaintiff alleges that he sought work from various governmental agencies. Plaintiff sought work first from the Ohio Governor's Office. (*See id.*, ¶ 7.) The Governor's Office forwarded Plaintiff's application to Defendant Penny Purviance with the Ohio Department of Administrative Services ("ODAS"). (*See id.*, Ex. 5.) Plaintiff apparently feels he was recommended for a job by the Governor's Office but he never received a job. (*See id.*, ¶¶ 7–8.) At some point, Defendant Joyce Mitchell of ODAS "and others" declined to give Plaintiff a job. (*Id.*, ¶ 9.) Furthermore, Defendants Sue Creager and Joseph Harper, both of ODAS, "show no concern [for Plaintiff's situation]. In every instance, they said they would not force employers to employ Plaintiff." (*Id.*, ¶ 11.) Finally, Defendant Judy Jones of the Bureau of Workers' Compensation ("BWC") and Sheilba Berger of ODAS allegedly would make "use of police and security officers to scar[e] Plaintiff away." (*Id.*)

In total, Plaintiff apparently alleges that the Individual State Defendants acted collectively and conspired to violate Plaintiff's rights. In addition, Plaintiff claims that the Individual State Defendants discriminated against Plaintiff by not allowing him to find work with the State. In furtherance of his claim, Plaintiff alleges in his complaint that Defendants violated 42 U.S.C. §§ 1981–1986 (1996) and Title VII of the Civil Rights Act of 1964 (including 42 U.S.C. § 2000e (1996)). The Individual State Defendants now seek dismissal of all the claims against them on various grounds.

### B. Standard of Review

█ The Individual State Defendants move to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the

light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court will grant a motion for dismissal under Rule 12(b)(6) only if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg.,* 576 F.2d 697, 702 (6th Cir.1978); *Ott v. Midland–Ross Corp.,* 523 F.2d 1367, 1369 (6th Cir. 1975); *Brennan v. Rhodes,* 423 F.2d 706 (6th Cir.1970).

■ In this case, Plaintiff is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial. *See Pilgrim v.. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Indeed, courts should not assume the role of advocate for the pro se litigant. *See Hall,* 935 F.2d at 1110.

## C. Analysis

The Individual State Defendants seek dismissal from Plaintiff's Complaint on a number of different grounds. The Court will consider their arguments in the order presented in their motion to dismiss. (*See* Doc. # 11 at 3–6.)

■ The first ground upon which the Individual State Defendants seek dismissal is that Plaintiff's Title VII complaint fails to state a cause of action. In particular, the Individual State Defendants claim that Title VII does not permit individual employee/supervisors to be sued in their individual capacity. (*See id.* at 3 (citing *Wathen v. General Elec. Co.,* 115 F.3d 400 (6th Cir.1997)).) The Individual State Defendants are correct. Under the Title VII, "an individual employee/supervisor who does not otherwise qualify as an 'employer' may not be held personally liable under Title VII." *Wathen,* 115 F.3d at 405. An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." *See id.* The Sixth Circuit held that an "agent" is "an individual who 'serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment.' " *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 803 (6th Cir. 1994) (quoting *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993)).

■ In this case, Plaintiff fails to allege that the Individual State Defendants meet the statutory definition of employer. Accordingly, the Court finds that Plaintiff can allege no set of facts that would entitle him to relief on his claims against the Individual State Defendants for violations of Title VII.

Second, the Individual State Defendants claim that they are entitled to qualified immunity for their actions for Plaintiff's claims made pursuant to 42 U.S.C. §§ 1981 and 1983. Accordingly, they argue that Plaintiff fails to state a claim upon which relief can be granted for violations of 42 U.S.C. §§ 1981 and 1983.

A plaintiff's § 1981 claim is subject to the defense of qualified immunity. *See, e.g., Kiper v. Louisiana State Bd. of Elementary & Secondary Educ.,* 592 F.Supp. 1343, 1352–53 (M.D.La.1984), *aff'd,* 778 F.2d 789 (5th Cir.1985); *Velasquez v. Senko,* 643 F.Supp. 1172, 1178 (N.D.Cal.1986), *appeal dismissed,* 813 F.2d 1509 (9th Cir. 1987). To establish liability under § 1981

against a defendant, a plaintiff need only show that the officials deprived the plaintiff of a right that, under similar circumstances, would have been accorded to a person of a different race. *See Rehbock v. Dixon,* 458 F.Supp. 1056, 1063 n. 5 (N.D.Ill.1978).

■ Generally, state officials have qualified immunity from individual liability for damages that have resulted from exercising discretionary functions. *See Mumford v. Zieba,* 4 F.3d 429, 432 (6th Cir.1993). This immunity protects these officials only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 812, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In their motion, the Individual State Defendants assert that they were all employees of the state government (either with the BWC or with the ODAS). (*See* Doc. # 11 at 4.)

■ As the Supreme Court noted, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (citing *Harlow,* 457 U.S. at 818, 102 S.Ct. 2727). Arguably, Plaintiff's only claim against the Individual State Defendants is that they kept him from getting a job; in Plaintiff's words, the Individual State Defendants kept him "unemployed for too long." (Doc. # 2, ¶ 14.) This allegation does not state a claim for violating a clearly established law. Without more, the Court finds that Plaintiff has not alleged sufficient facts that would entitle him to relief on his claim under § 1981. The Individual State Defendants are entitled to qualified immunity on Plaintiff's § 1981 claims.

■ Although the Court finds that the Individual State Defendants are entitled to qualified immunity on Plaintiff's § 1983 claims, the Court need not consider qualified immunity under § 1983 because the Court finds that Plaintiff failed to properly plead his § 1983 claim. Section 1983 claims are subject to the liberal federal rules of "notice pleading." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). To establish liability under § 1983 against state officials acting in their individual capacities, a plaintiff need only show that the officials, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)). In other words, the terms of § 1983 demand only two allegations: (1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the person acted under color of state law when depriving the plaintiff of the federal right. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *See Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991). Plaintiff's complaint fails to contain an allegation that the Individual State Defendants acted under color of state law when allegedly depriving Plaintiff of a federal right. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted under § 1983.

■ The third ground upon which the Individual State Defendants seek dismissal is that Plaintiff's 42 U.S.C. § 1982 complaint fails to state a cause of action. That statute reads, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1996). Section 1982 deals only with "racial discrimination in the rental and sale of property and enforceable only by private parties acting on their own initiative . . . ." *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413,

417, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). In his complaint, Plaintiff alleges no set of facts that would entitle him to relief under § 1982. Plaintiff does not allege that the Individual State Defendants discriminated against him with respect to the sale or rental of property; instead, Plaintiff alleges that the Individual State Defendants kept him from getting a job with the state. Accordingly, the Court finds that Plaintiff fails to state a claim against the Individual State Defendants under 42 U.S.C. § 1982.

Fourth and last, the Individual State Defendants seek dismissal of Plaintiff's conspiracy claims brought under 42 U.S.C. §§ 1985 and 1986. In order to establish a conspiracy claim under § 1985, a plaintiff must prove "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994).

The Individual State Defendants argue that Plaintiff's allegations fall within the intracorporate conspiracy doctrine. (*See* Doc. # 11 at 4–5.) Under this doctrine, there is no conspiracy under § 1985 where the conspiratorial conduct alleged is that of a single corporation acting through its own employees who are acting within the scope of their employment. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir.1991). The intracorporate doctrine is also applicable to governmental bodies. *See Brace v. Ohio State Univ.*, 866 F.Supp. 1069, 1075 (S.D.Ohio 1994). Although this doctrine would apply to an alleged conspiracy among members of the same governmental agency, Plaintiff alleges that the conspiracy exists between members of two separate state agencies— the BWC and the ODAS. Accordingly, the Court will not grant the Individual State Defendants' motion to dismiss based upon the intracorporate conspiracy doctrine.

Instead, the Court finds that Plaintiff fails to state a claim under § 1985 because he does not allege any facts that would entitle him to relief. Under § 1985, a plaintiff must plead his civil rights conspiracy charge with factual specificity; mere conclusory allegations will not survive a motion to dismiss. *See Rogers v. Mount Union Borough*, 816 F.Supp. 308, 312 (M.D.Pa.1993). The specificity required by § 1985 requires a plaintiff to allege (1) specific conduct that violated his rights, (2) the time and place of that conduct and (3) the identity of the responsible parties. *See Hurt v. Philadelphia Hous. Auth.*, 806 F.Supp. 515, 529 (E.D.Pa.1992) (citing *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir.1986)). Plaintiff fails to fully allege the time and place of the conduct in his Complaint. Thus, the Court finds that Plaintiff fails to properly plead his conspiracy claim.

Furthermore, a plaintiff fails to state a claim under § 1985(3) if he fails to make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish, at least by inference, the requisite "meeting of the minds" essential to the existence of a conspiracy. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (finding plaintiff failed to state a claim for conspiracy where plaintiff failed to allege facts sufficient to conclude that a meeting of minds occurred); *Francis–Sobel v. University of Maine*, 597 F.2d 15, 17 (1st Cir.1979) (finding plaintiff failed to state a claim for conspiracy where plaintiff failed to allege facts sufficient to link alleged conspirators in conspiracy). In this case, Plaintiff fails to provide sufficient factual allegations to show that the various Individual State Defendants were linked in a conspiracy with other Individual State Defendants. *See Francis–Sobel*, 597 F.2d at 17. Therefore, the Court finds that Plaintiff fails to state a claim that would entitle him to relief under § 1985.

Because Plaintiff fails to state a claim under § 1985, Plaintiff cannot recover for an alleged violation of § 1986. *See McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990); *Grimes v. Smith,* 776 F.2d 1359, 1363 n. 4 (7th Cir. 1985). Accordingly, the Court finds that Plaintiff fails to state a claim under § 1986.

### D. Summary

The Court finds that Plaintiff can allege no set of facts that would entitle him to relief on his claims of discrimination under Title VII and conspiracy pursuant to 42 U.S.C. §§ 1981—1986. Accordingly, the Court **GRANTS** the Individual State Defendants' motion to dismiss for failure to state a cause of action.

### III. CONCLUSION

Upon consideration and being duly advised, the Court **DENIES** Plaintiff's motion to dismiss Defendant Sandi Bartley-Buzas's Answer and **GRANTS** the Individual State Defendants' motion to dismiss. The Court hereby **DISMISSES** Defendants Penny Purivance, Ike Lively, Randy Headly, Joyce Mitchell, Sue Creagan, Joseph Harper, Sheilba Berger, Judy Jones and Randy Ferguson from this lawsuit.

**IT IS SO ORDERED.**