Edgar Allen **GIBSON**, et. al., Plaintiffs,

v.

**AMERICAN BANKERS INSURANCE COMPANY, Defendant.**

No. Civ.A. 99–232.

United States District Court,
E.D. Kentucky
at Pikeville.

March 23, 2000.

Timothy D. Belcher, of Timothy D. Belcher, P.S.C., Elkhorn City, KY, for plaintiffs.

Roger L. Massengale, a sole practitioner, Paintsville, KY, and Gerald J. Nielsen, of the Nielsen Law Firm, Metairie, LA, for defendant.

### MEMORANDUM OPINION AND ORDER

PATTERSON, District Judge.

### I. INTRODUCTION

This case is presently before the court for decision upon the motion of Defendant, American Bankers Insurance Company, to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), on the asserted basis of expiration of the applicable federal statute of limitations. (Record No. 11.) Plaintiffs, Edgar Allen Gibson and Leslie Gibson, assert claims for alleged violations of the Kentucky Unfair Claims Settlement Statute and the fiduciary duties of good faith and fair dealing. (Record No. 1, Attachment, Complaint, pp. 2–3.) Plaintiffs' complaint was originally filed in the Pike Circuit Court on June 9, 1999, but Defendant subsequently removed this action on June 29, 1999, pursuant to 28 U.S.C. § 1441(a)–(c), to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, asserting that Plaintiffs' claims can only be pursued under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001–4127. (Record No. 1, pp. 1–2.) Now ripe for decision and for the reasons set forth below, Defendant's motion to dismiss shall be sustained.

### II. RELEVANT FACTS AND PROCEDURAL HISTORY

#### A. Relevant Facts

Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") from Defendant, effective from June 21, 1997 to June 21, 1998, for their residence at 280 Russell Street, Elkhorn City, Kentucky. (Record No. 1, Attachment, Complaint, p. 1; Record No. 11, Memorandum, p. 2.) According to Plaintiffs, on April 19, 1998, said residence and certain contents therein were damaged by flooding. (Record No. 1, Attachment, Complaint, p. 1.) After Plaintiffs presented a SFIP claim to the Defendant for the alleged flood damage sustained, Defendant denied the claim on June 10, 1998. (*Id.*, p. 2.)

#### B. Procedural History

After Defendant's denial of Plaintiffs' claim on June 10, 1998, Plaintiffs filed their complaint in the Pike Circuit Court on June 9, 1999. (Record No. 1, Attachment, Complaint, pp. 1–2.) In that complaint, Plaintiffs allege that Defendant "failed to indemnify Plaintiffs for its loss and as a result, has breached the terms of the Policy," in violation of the Kentucky Unfair Claims Settlement Statute and the fiduciary duties of good faith and fair dealing. (Record No. 1, Attachment, Complaint, pp. 2–3.) Plaintiffs seek "actual monetary damages according to the proof at trial, plus pre-judgment interest; punitive damages in the amount of $500,000.00; reasonable attorney's fees and costs of this suit; and such other and future relief as this Court may deem just and proper." (*Id.*, pp. 3–4.) Defendant filed a notice of removal with this court on June 29, 1999, pursuant to 28 U.S.C. § 1441(a)–(c), on the basis of original jurisdiction involving a federal question arising under a law of the United States. 28 U.S.C. § 1331. (Record No. 1, p. 2.)

Upon the consent of the parties, pursuant to 28 U.S.C. § 636(c)(1), on September 3, 1999, this case was assigned to the undersigned for further proceedings and final disposition. (Record No. 8.) In accordance with the parties' Joint Status Report filed on August 25, 1999 (Record No. 7), this case was placed upon a pretrial and trial schedule by order dated September

14, 1999 (Record No. 9). That order directed that all discovery be completed by May 22, 2000, and dispositive motions be filed by June 21, 2000 (Record No. 9, p. 2, ¶ (1)(e) and (f)).

Defendant's "Motion to Dismiss Under Rule 12(b)(6)" and Memorandum in Support (Record No. 11) were filed on October 12, 1999. In said motion, Defendant asserts that it is entitled to dismissal of this case because Plaintiffs' lawsuit is untimely. (*Id.*, p. 1.) Defendant asserts that the Plaintiffs were "required to file [their] lawsuit with *this* Court no later than twelve months after the denial of all 'or any part' of [their] flood insurance claim." (*Id.*, Memorandum, p. 2 (*citing* 42 U.S.C. § 4072).) Defendant points out that Plaintiffs' claim was denied by Defendant on June 10, 1998, and Plaintiffs subsequently filed their complaint in the Pike Circuit Court on June 9, 1999. (*Id.*) However, because the case was not removed from state court to this court until June 29, 1999, Defendant asserts that "Plaintiffs' failure to file their lawsuit in *federal* court within one year from the date of denial of their claim is fatal." (*Id.*) (emphasis added).

On October 25, 1999, the parties filed a joint stipulation granting Plaintiffs an additional thirty (30) days to file a response to Defendant's motion to dismiss. (Record No. 13.) Plaintiffs timely filed their Response (Record No. 14) on November 18, 1999. In said response, Plaintiffs' first argument asserts that "Defendant has not been prejudiced in any way because this action was commenced with a one year period in a state court of competent jurisdiction." (Record No. 14, p. 3.) Plaintiffs' second argument asserts that, under 28 U.S.C. § 1441(e), "[T]his Court is not precluded from hearing this claim even if the State Court did not have jurisdiction over the claim ... any Statute of Limitation should be tolled and the removal should relate back to the date of the original filing in State Court." (*Id.*, p. 5.) Finally, Plaintiffs' third argument declares that "[their]

state law claims are clearly filed with the proper time period and Plaintiffs should be able to proceed on those state law claims whether in Federal Court or on remand to state court." (*Id.*, p. 7.)

## III. ANALYSIS

### A. Rule 12(b)(6) Motions to Dismiss Based Upon Statute of Limitations

■ Defendant moves to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, on the grounds that Plaintiffs' complaint was filed in this court beyond the time permitted by the applicable statute of limitations. Fed. R.Civ.P. 12(b)(6). (Record No. 11, p. 1.) The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. *Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 827 (S.D.Ohio 1998.) When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *Id.* at 827–828 (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The court will grant a motion for dismissal under Rule 12(b)(6) only if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Ashiegbu*, 76 F.Supp.2d at 828 (*citing Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978) (citations omitted)).

■ While Rule 12(b) does not specifically address motions to dismiss based upon the alleged expiration of the applicable statute of limitations, the prevailing rule is that a complaint which shows on its face that relief is barred by the affirmative defense of statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville,*

*Ohio v. First Montauk Financial Corp.,* 178 F.R.D. 180, 193 (N.D.Ohio 1998) (*citing Rauch,* 576 F.2d at 702). In cases involving the affirmative defense of limitations, where "the claim is adequately stated, but in addition to the claim the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim ... the complaint is said to have a built-in defense and is essentially self-defeating." *Id.* (citations omitted). A statute of limitations defense signifies, in essence, that on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See Ashiegbu,* 76 F.Supp.2d at 828 (*citing Rauch,* 576 F.2d at 702).

■ The affirmative defense of statute of limitations may be raised by a Rule 12(b)(6) motion to dismiss when the time alleged in the complaint shows that the plaintiff did not commence the action within the statutory period. *City of Painesville,* 178 F.R.D. at 193 (*citing Rauch,* 576 F.2d at 702). Dismissal of a complaint because it is barred by the applicable statute of limitations is proper only "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *Id.* (*quoting Duncan v. Leeds,* 742 F.2d 989, 991 (6th Cir.1984) (citations omitted)). In this regard, the complaint must be liberally construed in determining whether the action is time-barred. *Id.* (*citing Ott v. Midland–Ross Corp.,* 523 F.2d 1367, 1369 (6th Cir.1975)).

B. *National Flood Insurance Act of 1968 ("NFIA")*

Defendant, American Bankers Insurance Company, is a "Write–Your–Own" ("WYO") private insurance company which issues Standard Flood Insurance Policies ("SFIPs") pursuant to the National Flood Insurance Program ("NFIP"), established by the National Flood Insurance Act ("NFIA") of 1968. 42 U.S.C. §§ 4001–4127; 44 C.F.R. § 61.13(f) (1993). *See*

*also Berger v. Pierce,* 933 F.2d 393, 394 (6th Cir.1991). The NFIP is a federally subsidized program which provides flood insurance at affordable, "below actuarial rates." *Berger,* 933 F.2d at 394. Primary managerial responsibility for the operation of the NFIP and the promulgation of SFIPs lies with the Federal Emergency Management Agency ("FEMA"). *Id.* at 395. *See also* 42 U.S.C. § 4003(a)(6); 42 U.S.C. § 4071. While FEMA has complete control over the payment or disallowance of flood claims, by regulation, FEMA has delegated authority to issue these flood policies (SFIPs) to WYO private insurance companies, like the Defendant. *Berger,* 933 F.2d at 395; 44 C.F.R. § 61.13(f) (1993). Defendant, as a WYO, is permitted to issue and execute SFIPs in its own name, collect the premiums in segregated accounts, and make any claims and necessary refunds under the policy. 44 C.F.R. § 61.13(f) (1993). For any claim exceeding the funds available in the segregated account, Defendant, as a WYO, receives compensation from the federal government by drawing on FEMA letters of credit. 44 C.F.R. § 62, App. A, Art. IV. Although all WYO companies are authorized to collect flood insurance premiums, no WYO, including Defendant, may alter any provision of the SFIP as set out by FEMA. 44 C.F.R. § 61.13(d).

■ With regard to proper jurisdiction, the terms of the SFIP are found at 44 C.F.R. Part 61, Appendix A, and are incorporated into the SFIP by 44 C.F.R. Section 61.13(a). Article 11 of the SFIP, entitled "What Law Governs," states, in part:

This *policy* is governed by the *flood* insurance regulations issued by FEMA (Federal Emergency Management Agency), the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001 *et seq.*) and Federal common law.

44 C.F.R. § 61, App. A(1), Art. 11. In conjunction with this provision of the SFIP, the NFIA, in order to resolve disputes over disallowed SFIP claims, estab-

lished a right of action allowing policy-holders to challenge the disposition of their claims in federal court within one year of their denial or disallowance. *Berger,* 933 F.2d at 396. The NFIA provides, in relevant part:

> [U]pon the disallowance by the Director [of FEMA or his authorized agents, *see* 42 U.S.C. § 4071(a)(1) ] of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within *one year* after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the *United States district court* for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction* is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). In interpreting this provision, the Sixth Circuit has ruled that the NFIA "clearly mandates that United States District Courts have exclusive jurisdiction over suits under the Act." *State Bank of Coloma v. National Flood Ins. Program,* 851 F.2d 817, 819 (6th Cir.1988) (*citing* 42 U.S.C. § 4072). Additionally, it is clear that the appropriate statute of limitations requires any lawsuit based upon a denied SFIP claim to be filed in federal district court within one year of the denial or disallowance of the claim. *Id.*

### C. The Statute of Limitations

■ Plaintiffs' complaint was filed in this court on June 29, 1999, upon the filing of Defendant's notice of removal to this court from the Pike Circuit Court. (Record No. 1.) Defendant denied Plaintiffs' claim for indemnification, based upon the terms of the SFIP Defendant had issued to Plaintiffs, on June 10, 1998. (*Id.,* Attachment, Complaint, p. 2.) Under the NFIA and Sixth Circuit case law, Plaintiffs were required to commence an action against Defendant regarding its denial of

Plaintiffs' claim within one year of said denial on June 10, 1998, or be time barred by the statute of limitations from ever asserting any such claims. *State Bank of Coloma,* 851 F.2d at 819 (*citing* 42 U.S.C. § 4072). Because it is clear on the face of the complaint and the subsequent notice of removal that Plaintiffs' complaint pleading causes of action based upon Defendant's allegedly wrongful denial of Plaintiffs' claim under the policy of insurance was not filed in this federal court until June 29, 1999, nineteen (19) days after the NFIA one-year statute of limitations had expired, this action is untimely and thus time barred by its statute of limitations. *Id.* (*See also* Record No. 1.)

Plaintiffs contend, however, as their first argument asserted in their response to Defendant's motion to dismiss, that their claims should not be time barred because their complaint was filed within the NFIA one-year statute of limitations period in a "state court of competent jurisdiction." (Record No. 14, p. 3.) In support of this proposition, Plaintiffs cite to and quote extensively from *Burnett v. New York Cent. R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). (Record No. 14, pp. 1–5.) *Burnett* involved a plaintiff who filed a Federal Employers' Liability Act (FELA) claim in federal court after his state FELA action was dismissed for *improper venue. Burnett,* 380 U.S. at 424 (emphasis added). The state action was filed within the three-year statute of limitations period, but the federal action was not. *Id.* The Supreme Court of the United States held in *Burnett* that where a timely FELA action is commenced in a state court *having jurisdiction,* the FELA statute of limitations is tolled during the pendency of the state suit and thus, the subsequent complaint in federal court was timely filed. *Id.* (emphasis added).

■ In this case, Plaintiffs' complaint was not filed in a competent state court with jurisdiction, and thus the principles of *Burnett* are clearly inapplicable. A "com-

petent court" is one that has proper "jurisdiction of [both] the cause and the parties." *Hilton v. Guyot,* 159 U.S. 113, 205, 16 S.Ct. 139, 40 L.Ed. 95 (1895). As previously discussed, under the clear mandate of the NFIA, the only court of competent jurisdiction in an action under the NFIA is the federal district court, which has "original exclusive jurisdiction." 42 U.S.C. § 4072. *See also Berger,* 933 F.2d at 396; *State Bank of Coloma,* 851 F.2d at 819. Thus, Plaintiffs' contention that their claim is not time barred, because it was filed in a state court of competent jurisdiction within the one-year period of the statute of limitations, is without merit.

■ Plaintiffs' second argument is that the NFIA one-year statute of limitations was tolled upon the filing of Plaintiffs' claim in state court and that "the removal should relate back to the date of the original filing in State Court." (Record No. 14, p. 5.) As support for this proposition, Plaintiffs cite 28 U.S.C. § 1441, which allows a federal court to hear a claim that is removed from state court because the state court did not have original jurisdiction over the claim. 28 U.S.C. § 1441(e). Plaintiffs' argument is incomplete, because contrary to Plaintiffs' assertions, 28 U.S.C. § 1441 does not allow this court to toll the NFIA statute of limitations and relate back Plaintiffs' complaint to its original filing date in Kentucky state court. 28 U.S.C. § 1441(e) only permits this court to *hear* a claim removed from state court on the basis of jurisdiction; it does not address the statute of limitations deficiencies present in Plaintiffs' claim in this case.

In analogous cases, the Sixth Circuit has addressed this issue of removal from state court, on the basis of jurisdiction, and the tolling of the statute of limitations. The Sixth Circuit has repeatedly ruled that, under federal law, the "commencement of an action in a clearly inappropriate forum does not equitably toll the statute of limitations." *Farrell v. Automobile Club of Michigan,* 870 F.2d 1129, 1132 (6th Cir. 1989) (*ruling* that because federal court

does not have clear exclusive jurisdiction over ERISA claim, equitable tolling of statute of limitations applied). *See also Silverberg v. Thomson McKinnon Securities, Inc.,* 787 F.2d 1079, 1082 (6th Cir. 1986) (*overruled* on other grounds) (*ruling* that Securities Exchange Act statute of limitations not tolled by filing an action in state court because federal jurisdiction was clear and exclusive); *Fox v. Eaton Corp.,* 615 F.2d 716, 719 (6th Cir.1980) (*noting* that lack of jurisdiction of Title VII claims in state court was far from clear at the time of filing, thus equitable tolling applied).

■ By the clear mandate of the NFIA, the only court of competent jurisdiction in an action under that statute is a federal district court, which has "original exclusive jurisdiction." 42 U.S.C. § 4072. *See also Berger,* 933 F.2d at 396; *State Bank of Coloma,* 851 F.2d at 819. When Plaintiffs filed their complaint asserting what was exclusively a NFIA cause of action in the Pike Circuit Court, that state court was a clearly inappropriate forum for filing such a claim. *Id.* Therefore, contrary to Plaintiffs' second argument, Plaintiffs' NFIA claim was not tolled upon the filing of their complaint in the Pike Circuit Court and the date on which the action was removed to this federal court cannot be related back to the original filing date in state court in order to satisfy the NFIA's one year statute of limitations.

■ Finally, Plaintiffs' third argument asserts that even if their NFIA contractual claims are barred, "Plaintiff should be able to proceed on [its] state law claims whether in Federal Court or on remand to state court." (Record No. 14, p. 7.) Plaintiffs' complaint, in fact, does not specifically plead any claims pursuant to the NFIA, but instead pleads claims for alleged violations of Kentucky law, specifically the Kentucky Unfair Claims Settlement Act and breach of common law fiduciary duties. (Record No. 1, Attachment, Complaint, pp. 2–3.) However, it is clear that

all claims asserted in Plaintiffs' complaint are based upon Defendant's June 10, 1998 denial of Plaintiffs' SFIP claim. (*See* Record No. 1, Attachment, Complaint, p. 2.)

 Both the Supreme Court of the United States and the Sixth Circuit have addressed, and rejected, Plaintiffs' argument for concurrent jurisdiction between the federal and state courts in claims involving SFIPs issued under the NFIA. While state courts have inherent authority and are presumed to be competent, it is axiomatic that "Congress has the power to preclude state court jurisdiction over federal claims if it so chooses." *Holmes Financial Associates, Inc. v. Resolution Trust Corp.*, 33 F.3d 561, 565 (6th Cir. 1994) (*citing Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990)). Any presumption of concurrent jurisdiction between federal and state court is rebutted only when Congress "affirmatively divests" jurisdiction from the state courts and does so in the text of the statute at issue. *Id.* Specifically with regards to the NFIA and Plaintiffs' arguments of concurrent jurisdiction, it is well established that Congress has clearly revoked jurisdiction from the state courts for all claim disputes arising from SFIPs issued under the NFIA. This principle is clearly supported by both Sixth Circuit caselaw and the text of the NFIA itself, which gives "original exclusive jurisdiction ... without regard to the amount in controversy" over suits, filed under the NFIA, to the federal district courts. *State Bank of Coloma*, 851 F.2d at 819 (*citing* 42 U.S.C. § 4072). Clearly, the text of the NFIA "affirmatively divests" jurisdiction of NFIP claims from the state to the federal courts.

No published Sixth Circuit decision has issued the specific issue raised in this case, i.e., whether the NFIA statute of limitations bars an action timely commenced when the complaint is inappropriately filed in state court, but which is untimely when the action is subsequently removed to the appropriate federal court. However, at least one other federal court has addressed this specific question in a published decision. *See Parsons Footwear, Inc. v. Omaha Property and Cas. Co.*, 19 F.Supp.2d 588, 592 (N.D.W.Va.1998) (*ruling* that any action to protest the denial of a flood claim under an SFIP timely filed in a state court, and removed to federal court after the statute of limitations expired, was time barred because the statute of limitations was not tolled by the filing of an action in a state court which clearly lacks jurisdiction under the NFIA).

Therefore, contrary to Plaintiffs' request, this court cannot remand this case to state court to allow Plaintiffs to pursue their state law claims against Defendant, because it is clear that Congress intended for all challenges to the disposition of NFIP claims to be adjudicated exclusively in federal court. *State Bank of Coloma*, 851 F.2d at 819 (*citing* 42 U.S.C. § 4072). Nor can this court allow Plaintiffs' state law claims to proceed in this court, because those claims are instead claims under the NFIA, the exclusive legal basis for any claims asserting a wrongful denial of Plaintiffs' claims under the policy of insurance issued to them by Defendant. Because those claims can only be filed in a federal court, in order to satisfy the NFIA statute of limitations, they must be filed in this court within one year of the original SFIP denial or disallowance. *Id.* This requirement is clearly supported by all the relevant Supreme Court and Sixth Circuit decisions which have either specifically addressed the appropriate jurisdiction for NFIA claims, or have addressed statute of limitations and jurisdictional issues analogous to those presented in this case. *See Berger*, 933 F.2d at 396; *State Bank of Coloma*, 851 F.2d at 819. *See also Farrell*, 870 F.2d at 1132; *Silverberg*, 787 F.2d at 1082; *Fox v. Eaton Corp.*, 615 F.2d at 719; *Holmes Financial Associates, Inc.*, 33 F.3d at 565.

## IV. CONCLUSION

On the face of Plaintiffs' complaint, there is an insurmountable bar to relief,

establishing that Plaintiffs do not have a claim upon which relief may be granted. *Ashiegbu,* 76 F.Supp.2d at 828. Construing the complaint (Record No. 1, Attachment, Complaint) in a light most favorable to Plaintiffs, and accepting all of its well-plead allegations as true, it shows on its face that relief is barred by the applicable statute of limitations, and thus, it is properly subject to a Rule 12(b)(6) dismissal based upon the failure to state a claim upon which relief can be granted. *City of Painesville,* 178 F.R.D. at 193. Accordingly, Defendant's "Motion to Dismiss Under Rule 12(b)(6)" (Record No. 11) shall be sustained, and an appropriate judgment shall be entered, dismissing this action with prejudice. The court being otherwise sufficiently advised,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The motion of Defendant American Bankers Insurance Company to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Record No. 11) is hereby SUSTAINED.

(2) A Final Judgment in conformity with this Memorandum Opinion and Order shall be entered herein this date, dismissing Plaintiffs' claims against Defendant with prejudice, awarding Defendant its costs herein, and directing the clerk of court to strike this action from the court's docket.