**Gerald D. ABNER, Plaintiff–Appellant,**

v.

**FOCUS: HOPE, Defendant–Appellee.**

No. 03–1507.

United States Court of Appeals, Sixth Circuit.

March 23, 2004.

Gerald D. Abner, Detroit, MI, pro se.

James F. Hermon, Leigh R. Greden, Dykema Gossett, Detroit, MI, for Defendant–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.[*]

### ORDER

Gerald D. Abner, proceeding pro se, appeals a district court order dismissing his civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(h)(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 30, 2003, Abner filed a complaint against Focus: Hope, his former employer. Abner alleged that he "was fired for insuboardination [sic] by manager, Kevin Robinson for not accepting [Robinson's] request to work in the factory floor checking employee scrap parts on second shift due to [his] obligations after [his] assigned shift (1st)." Abner also alleged that "prior to firing, Detroit police officers randomly walk around staring [him] down in the tec machine bldg. near Cafeteria of Focus: Hope," which made him nervous. Abner sought monetary relief in the amount of $20,000,000.

The district court granted Abner's application to proceed in forma pauperis and subsequently dismissed his complaint for frivolity, failure to state a claim upon which relief may be granted, and failure to state any basis upon which the court could exercise subject matter jurisdiction pursuant to § 1915(e)(2) and Fed.R.Civ.P. 12(h)(3). Abner has filed a timely appeal.

We review de novo a district court order dismissing a suit for frivolity or failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir. 2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove

---

[*] The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

We also review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Friends of Crystal River v. United States Envtl. Prot. Agency*, 35 F.3d 1073, 1077–78 (6th Cir.1994); *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir.1991). Federal Rule of Civil Procedure 12(h)(3) permits sua sponte dismissals of suits over which the district court does not possess subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978).

A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986). Moreover, the court is not required to either guess the nature of or create a litigant's claim. Fed.R.Civ.P. 8(a); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975).

Upon review, we conclude that the district court properly dismissed Abner's complaint. The complaint contained no factual allegations or legal theories upon which a valid federal claim may rest. Thus, even under the most liberal construction, Abner's complaint was frivolous, failed to state a claim for relief, and failed to invoke the subject matter jurisdiction of the district court.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.