**Fred A. THOMAS, d/b/a Thomas Construction, Inc., Plaintiff–Appellant,**

v.

**BETTER BUSINESS BUREAU, OF THE MID–SOUTH, Defendant–Appellee.**

**No. 03–5464.**

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2003.

Fred A. Thomas, Memphis, TN, pro se.

Before KEITH, MARTIN, and SUTTON, Circuit Judges.

*ORDER*

Fred A. Thomas, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Thomas, as the owner of Thomas Construction, Inc., sued the Better Business Bureau concerning complaints filed against his construction company. The district court sua sponte dismissed the complaint for lack of jurisdiction.

In his timely appeal, Thomas, on behalf of his corporation, argues that the Better Business Bureau should be stopped from reporting any information about his company and that the Better Business Bureau has violated his civil rights.

The court of appeals reviews de novo the district court's dismissal of an action for lack of subject matter jurisdiction. *Friends of Crystal River v. United States Envtl. Prot. Agency,* 35 F.3d 1073, 1077–78 (6th Cir.1994). Fed.R.Civ.P. 12(h)(3) permits sua sponte dismissals of suits over which the district court does not possess subject matter jurisdiction. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 701 (6th Cir.1978).

Thomas lacks standing to prosecute any claims on behalf of his construction company. Although Thomas may be the sole owner of Thomas Construction, an action to redress injuries by a corporation cannot be maintained by an owner in his own name. *See Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.,* 862 F.2d 597, 602–03 (6th Cir.1988). Thus, Thomas cannot maintain an action on behalf of his corporation. As Thomas was representing the interests of Thomas Construction, the complaint was properly dismissed.

Furthermore, to state a claim under § 1983, a plaintiff must allege that a defendant deprived him of some right or privilege secured by the Constitution and laws of the United States, and that the defendant acted under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The Better Business Bureau is a private, nonprofit company. Private individuals and companies do not act under color of state law. *Lansing v. City of Memphis,* 202

F.3d 821, 828 (6th Cir.2000). The only exception to this rule is if the actions of the private individual or corporation are so approximate to a state action that the action may fairly be attributed to the state. *Id.* Thomas's allegations do not indicate that the Better Business Bureau engaged in conduct which could be attributed to the state. Therefore, Thomas did not allege a civil rights action against the Better Business Bureau.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.