NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0237n.06

No. 19-1490

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

REFAAT F. ABUL HOSN,

    Plaintiff-Appellant,

v.

IRAQ MINISTRY OF TRANSPORT, Public Land Transport Co.; SECRETARY, DEPARTMENT OF DEFENSE, Colin Powell; COALITION PROVISIONAL AUTHORITY DIRECTOR, L. Paul Bremer, III,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Apr 30, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE:    MERRITT, SUHRHEINRICH, and SUTTON, Circuit Judges.

SUHRHEINRICH, Circuit Judge. Appellant Refaat Abul Hosn filed a claim for breach of contract against the Iraq Ministry of Transport, a division of a foreign government. In general, the Foreign Sovereign Immunities Act bars federal courts from asserting jurisdiction over claims against a foreign state. But Hosn contends that his claim meets an exception to the FSIA: a foreign state is not immune from suits arising from commercial activity that has a direct effect in the United States. The district court held that the contract at issue had no direct effect in the U.S. and therefore dismissed Hosn's complaint. We affirm.

No. 19-1490, *Refaat Abul Hosn v. Iraq Ministry of Transport, et al.*

**I.**

In May of 1998, a Lebanese company owned by Hosn[1] agreed to deliver 200 trucks to IMT in exchange for about $24 million worth of oil. According to Hosn, his company tendered the trucks, but IMT reneged on the deal.

In 2016, after years of trying to resolve his dispute with the Iraqi government, Hosn filed the present action in the Eastern District of Michigan. After an initial screening,[2] the district court determined that IMT had immunity under the FSIA and dismissed the case. Hosn appealed that dismissal, and we reversed, finding that the district court failed to consider whether jurisdiction existed under the FSIA exception for commercial activity that has a direct effect in the U.S. *Hosn v. Iraq Ministry of Transport, et al.*, No. 16-2286, slip op. at 3–4 (6th Cir. May 24, 2017).

The district court reopened the case and Hosn served IMT. When IMT failed to respond to Hosn's complaint, he moved for a default judgment. The district court noted that, because IMT was a body of a foreign state, Hosn's motion had to be addressed under the FSIA's heightened standard for default judgments, which requires the movant to "establish[] his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Applying that standard, the district court denied Hosn's motion and directed him to refile it with additional support, including evidence that the contract at issue met the FSIA's direct-effect exception.

---

[1] We note that Hosn is not a party to the contract at issue in this case. That fact would likely stand as an additional reason that the district court lacked jurisdiction. *See Thomas v. BBB*, 79 F. App'x 748 (6th Cir. 2003) (holding that the plaintiff "lacks standing to prosecute any claims on behalf of his construction company" even though he was the sole owner because "an action to redress injuries by a corporation cannot be maintained by an owner in his own name") (citing *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 602–03 (6th Cir. 1988). However, because neither the parties nor the district court addressed this issue, we focus on the district court's holding that the FSIA precluded it from asserting jurisdiction.

[2] Hosn filed his complaint *in forma pauperis*, so the district court was required to dismiss the matter if it determined that Hosn failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

In Hosn's refiled motion for default judgment, he asserted that the direct-effect exception applied because IMT renewed the 1998 contract in 2003 through his American company, CIF International. Therefore, according to Hosn, IMT's failure to execute the contract had a direct effect in the U.S.

The district court reviewed Hosn's refiled motion and determined that no contract existed between IMT and Hosn's American company. On that basis, the district court concluded that the agreement at issue had no direct effect in the U.S. and dismissed the case for lack of jurisdiction.

## II.

### A.

In this appeal, Hosn challenges the district court's determination that the FSIA precluded it from asserting jurisdiction over IMT.

We receive this case in an unusual procedural posture. The district court raised the jurisdictional issue *sua sponte* and did not rely on any particular rule of civil procedure to do so. However, because the district court's analysis most closely resembles that applied to a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we will review the dismissal under the standards applicable to that rule.

In particular, because the district court engaged in fact-finding when analyzing Hosn's motion for default judgment, the analysis below was a "factual attack" on the court's jurisdiction. *See Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may involve a facial attack or a factual attack."). When a Rule 12(b)(1) motion attacks a complaint's factual predicate, the court does not presume that the plaintiff's factual allegations are true. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015). The party invoking federal jurisdiction has the burden to

prove that jurisdiction. *See id*. When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). For Rule 12(b)(1) factual attacks, we accept the district court's findings of fact unless the findings are clearly erroneous. *See Russell*, 784 F.3d at 1045. We review de novo the district court's legal conclusions regarding those facts. *Id*.

**B.**

The FSIA limits federal courts' jurisdiction over claims against foreign states. *See* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of [Title 28] as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of [Title 28] or under any applicable international agreement."). "Under the FSIA, a foreign state is presumptively immune from suit unless a specific exception applies." *Permanent Mission of India to the United Nations v. City of New York*, 551 U.S. 193, 197 (2007).

The question in this case is whether Hosn's complaint fell under the FSIA's exception for disputes arising from "a commercial activity of the foreign state" that "causes a direct effect in the United States." *See* 28 U.S.C. § 1605(a)(2). "[A]n effect is 'direct' if it follows as an immediate consequence of the defendant's activity." *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992).

The district court determined that the agreement at issue would not directly affect the United States. Hosn does not contend that the 1998 contract—between IMT and Hosn's Lebanese company—had a direct effect in the U.S. Instead, he alleges that the agreement began to directly

affect the U.S. in 2003 when he and IMT renewed the contract through Hosn's American company, CIF International. However, the district court found that IMT did not renew the contract in 2003.

The record supports the district judge's conclusion that IMT never formed a contract with Hosn's American company. Plaintiff offered two documents purporting to establish that the contract was renewed in 2003, but those documents actually indicate that IMT needed further approval before the agreement could be renewed. The first document, a letter dated December 25, 2003, states that Hosn met with the IMT's Land Transportation Company to discuss ways to execute the 1998 contract, possibly by entering into a substitute agreement between IMT and CIF International. However, that letter ended with the Land Transportation Company's representative requesting that the IMT's general director "kindly submit the matter to the respectful minister to get his approval on the above-mentioned proposal." The second document is a similar letter, dated May 7, 2007, in which the IMT requests approval to renew the 1998 agreement, stating: "Please kindly view and let us know the opinion of your esteemed committee on the possibility of signing the contract . . . ."

Because IMT did not form an agreement with Hosn's American company in 2003, the only commercial arrangement before the district court was the 1998 contract, in which a Lebanese company agreed to provide trucks to the Iraqi government in exchange for oil. That contract did not directly affect the United States. Accordingly, the FSIA precluded the district court from asserting jurisdiction over Hosn's claim against IMT.

**III.**

For those reasons, we **AFFIRM** the district court's dismissal of Hosn's complaint.